757 So.2d 1229 (2000)
Kem MATEO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D98-438.
District Court of Appeal of Florida, Second District.
April 19, 2000.
*1230 Gonzalo Alberto Gayoso, Miami, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Kem Mateo appeals his aggravated battery conviction. He argues that the State's charging document did not allege the essential elements for aggravated battery, and he cannot stand convicted of a crime which the State did not charge. We agree and reverse.
The State charged Mateo with one count of sexual battery using force likely to cause serious personal injury, and two counts of sexual battery using threats of force likely to cause serious personal injury. The jury found Mateo guilty of aggravated battery on count one, and not guilty on counts two and three.
We initially note that aggravated battery is not a necessarily-included offense of sexual battery. See Tolbert v. State, 474 So.2d 5, 6 (Fla. 3d DCA 1985). Accordingly, the State's charging document will not support Mateo's conviction unless it alleges the essential elements of aggravated battery outlined in section 784.045, Florida Statutes (1995). That is, the information must allege that Mateo committed a battery, and in doing so: (1) intentionally or knowingly caused great bodily harm, permanent disability, or permanent disfigurement; or (2) used a deadly weapon. See § 784.045. Here, the information alleged only that Mateo used force "likely to cause serious personal injury." Furthermore, the State did not charge the use of a deadly weapon. Consequently, the trial court erred by instructing the jury on the aggravated battery charge.
The State contends that Mateo waived any deficiency in the charging document by failing to timely object to the aggravated battery jury instruction. Again, we disagree. A defendant may raise such an error at any time. See Velasquez v. State, 654 So.2d 1227, 1228 (Fla. 2d DCA 1995) (citing State v. Von Deck, 607 So.2d 1388 (Fla.1992); State v. Gray, 435 So.2d 816 (Fla.1983)).
Reversed and remanded for further proceedings consistent with this opinion.
WHATLEY, A.C.J., and GREEN, J., Concur.