763 So.2d 393 (2000)
George K. HERISE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-2394.
District Court of Appeal of Florida, Third District.
May 10, 2000.
Opinion Denying Clarification and Certification June 28, 2000.
*394 Bennett H. Brummer, Public Defender, and Shaundra L. Kellam, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Lara J. Edelstein, Assistant Attorney General (Ft.Lauderdale), for appellee.
Before JORGENSON, LEVY, and FLETCHER, JJ.
PER CURIAM.
Affirmed.
ON "MOTION FOR CLARIFICATION AND/OR CERTIFICATION OF ISSUE TO THE SUPREME COURT OF FLORIDA"DENIED
PER CURIAM.
The appellant has filed a "Motion for Clarification and/or Certification of Issue to the Supreme Court of Florida" seeking to have this Court clarify the Opinion previously entered in this cause and/or to certify that the said Opinion conflicts with Mateo v. State, 757 So.2d 1229 (Fla. 2d DCA 2000).
We decline to do so, finding that the facts of the instant case are markedly different than those found in Mateo. In Mateo, the State argued that Mateo had waived any deficiency in the charging document by virtue of having failed to voice a timely objection to the aggravated battery jury instruction. The facts of the instant case do not involve a defense attorney who failed to object to the aggravated assault instruction. Rather, the instant case involves a defense attorney who affirmatively agreed to and/or acquiesced in the giving of the instruction now being challenged on appeal. On page 220 of the transcript in this case, the defense attorney, after explaining that he was not asking for the aggravated assault instruction, stated, "I guess it is within the court's discretion". Furthermore, on page 224 of the trial transcript in this case, the court specifically asked the defense attorney, "Any objection to the standard jury instruction?" The defense attorney answered, "No, not really".
Accordingly, the "Motion for Clarification and/or Certification of Issue to the Supreme Court of Florida" is denied and the judgment and sentence entered in this case are, in all respects, affirmed.