820 So.2d 382 (2002)
Kelly A. THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-5425.
District Court of Appeal of Florida, Second District.
May 29, 2002.
Rehearing Denied July 2, 2002.
*383 George M. Thomas of George M. Thomas, P.A., Fort Lauderdale, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and C. Suzanne Bechard, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Kelly Thomas appeals her convictions for driving under the influence (DUI) with serious bodily injury[1] and DUI with personal injury.[2] As to both convictions Thomas argues that the trial court erred in denying her motion to suppress the blood alcohol test results obtained for medical purposes. She also argues that the trial court erred in denying her renewed motion for judgment of acquittal as to the DUI with serious bodily injury conviction. We affirm.
At trial, the primary evidence presented to support the DUI in both offenses was the blood alcohol content of Thomas's blood drawn for medical purposes. This information was contained in Thomas's medical records at the hospital, where she was taken immediately after the accident which gave rise to the charges. Thomas moved to suppress the results of the blood test on the ground that they were first obtained by the investigating officer interrogating the nurse who attended Thomas *384 without Thomas's consent and without a subpoena or proper notice. Thomas also moved to suppress the same blood test results contained in Thomas's medical records which the State obtained pursuant to a subpoena. Thomas contended the subpoena was issued in violation of section 395.3025, Florida Statutes (1999).
In its order denying the motion to suppress, the trial court determined that the State complied with the notice requirement of section 395.3025(4)(d) and that Thomas was given a reasonable period of time within which to object to the issuance of the subpoena, but failed to do so. We agree with the trial court's ruling. Furthermore, the fact that the officer initially requested and obtained, from the medical staff, the blood alcohol content of the blood drawn in the course of Thomas's treatment, instead of specifically requesting a blood draw pursuant to section 316.1933(1), does not warrant exclusion of the medical records subsequently obtained pursuant to the State's subpoena. On the facts of this case, we conclude that the officer would have been authorized to request a blood draw. And, pursuant to section 316.1933(2)(a), "the failure of a law enforcement officer to request the withdrawal of blood shall not affect the admissibility of a test of blood withdrawn for medical purposes." Moreover, even if we concluded that the officer did not have probable cause to request a blood test pursuant to section 316.1933(1), on this record, the officer's verbal request for the nurse to tell him the blood test results does not constitute the type of governmental misconduct that would warrant exclusion of the medical records subsequently obtained through the State's subpoena issued after proper notice to Thomas. See State v. Johnson, 814 So.2d 390 (Fla.2002). Therefore, we affirm the denial of the motion to suppress and the admission into evidence of the medical records.
We also affirm the trial court's denial of Thomas's renewed motion for judgment of acquittal as to the DUI with serious bodily injury conviction, which is a permissive lesser-included offense of DUI manslaughter originally charged in count I of the information. Thomas argues that the trial court erred by giving the jury an instruction on this permissive lesser-included offense because the information did not allege serious bodily injury and the State did not present evidence to establish that essential element. We agree that the information does not allege all of the statutory elements of this permissive lesser-included offense. We also agree that the State failed to prove the element of serious bodily injury. Nevertheless, we affirm the conviction because we conclude that Thomas waived the error. In Ray v. State, 403 So.2d 956 (Fla.1981), the supreme court held:
[I]t is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if:
1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action. Failure to timely object precludes relief from such a conviction.
Here, Thomas neither requested the instruction nor affirmatively relied on it. Therefore, she may challenge her conviction unless she failed to object to the instruction. In the course of posttrial motion proceedings, a dispute arose regarding whether Thomas objected to the instruction during an unrecorded discussion at the end of the first day of trial. The trial court held an evidentiary hearing, *385 ordered a transcript of the charge conference that took place on the second day, and subsequently entered its order denying the motion for renewed judgment of acquittal. In its order, the trial court made a finding that Thomas failed to object to the instruction. Based on the trial court's finding of fact that no objection was made, and, pursuant to Ray, Thomas is precluded from now challenging her conviction for DUI with serious bodily injury. Accordingly, we affirm the convictions for DUI with serious bodily injury and DUI with personal injury. However, we remand for correction of the judgment on count II which erroneously reflects that Thomas was adjudicated guilty of DUI with serious bodily injury as opposed to DUI with personal injury, the offense charged in the information and selected by the jury on the verdict form.
Affirmed and remanded for correction of a scrivener's error.
NORTHCUTT, J., and DANAHY, PAUL W., Senior Judge, concur.
NOTES
[1] § 316.193(3)(c)(2), Fla. Stat. (1999).
[2] § 316.193(3)(c)(1), Fla. Stat. (1999).