840 So.2d 384 (2003)
Darryl Cornelius WILBURN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-3712.
District Court of Appeal of Florida, Second District.
March 19, 2003.
James Marion Moorman, Public Defender, and Terri L. Backhus, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna S. Koch, Assistant Attorney General, Tampa, for Appellee.
*385 SALCINES, Judge.
Darryl Cornelius Wilburn appeals his convictions for aggravated assault with a firearm and shooting into an occupied vehicle.[1] We affirm his conviction for shooting into an occupied vehicle without discussion. We reverse his conviction for aggravated assault with a firearm.
At trial, the jury was instructed on aggravated assault with a firearm. In this appeal, Wilburn correctly argues that the trial court erred by instructing the jury on aggravated assault with a firearm because the elements of the offense were not set forth in the information.
The instruction for aggravated assault with a firearm was presented to the jury as a lesser included offense of aggravated battery with a firearm. Aggravated assault is not a necessarily lesser included offense of aggravated battery. Stokes v. State, 773 So.2d 1239 (Fla. 4th DCA 2000). "`[I]t can be considered an included offense only, if at all, where the information charges the elements of both and the facts necessary to support both.'" Id. at 1240 (quoting Salas v. State, 591 So.2d 257, 258 (Fla. 4th DCA 1991)).
The information filed against Wilburn did not set forth all the elements of aggravated assault with a firearm. See §§ 784.011-.021, Fla. Stat. (1999). Specifically, the information did not allege that Wilburn created the requisite fear in the mind of his victim. See § 784.011(1). Thus, the instruction on aggravated assault with a firearm was unwarranted because it exceeded the allegations of the charging document.
The State argues that this case should nonetheless be affirmed because defense counsel either did not lodge the appropriate objection at trial or otherwise waived the defect. The State also argues that the error was harmless because the information placed Wilburn on notice of the charge. We disagree.
The State's preservation argument is not entirely unfounded. Although defense counsel did object to the form of the instruction, he did not object to the giving of the instruction itself. Additionally, defense counsel never raised the issue of the deficiency in the charging document. Nonetheless, this court has granted appellate relief in similar cases, despite the lack of an objection to the erroneously given jury instruction, reasoning that a defendant may raise such an error at any time. See Mateo v. State, 757 So.2d 1229 (Fla. 2d DCA 2000) (reversing an aggravated battery conviction where the defendant was charged with sexual battery); but see Nesbitt v. State, 819 So.2d 993 (Fla. 5th DCA 2002) (certifying conflict).
Further, Wilburn's challenge to the instruction was not waived. See Ray v. State, 403 So.2d 956 (Fla.1981), called into doubt on other grounds, Greene v. State, 714 So.2d 554 (Fla. 2d DCA 1998). At trial, defense counsel did not make an argument relating to the aggravated assault instruction either in closing or in rebuttal. Likewise, defense counsel did not attempt to mislead the court or to take advantage of the erroneous instruction.
Finally, even if a harmless error analysis could be applied as urged by the State, it would be unavailing in this case. Although the information used the word "assault," the mere use of that word, without any other reference to the offense of aggravated assault with a firearm or a *386 recitation of the elements of that offense, was not sufficient to place Wilburn on notice of the charge.
Accordingly, we reverse Wilburn's conviction for aggravated assault with a firearm. If not barred by the statute of limitations, the State may file another information and proceed against Wilburn for aggravated assault with a firearm. See Mauldin v. State, 696 So.2d 801, 802 (Fla. 2d DCA 1997).
Affirmed in part and reversed in part.
CASANUEVA, J., and THREADGILL, EDWARD F., Senior Judge, concur.
NOTES
[1] Wilburn does not challenge his conviction for possession of a firearm by a convicted felon.