845 So.2d 996 (2003)
Dowite JAMES, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-2120.
District Court of Appeal of Florida, Fifth District.
May 23, 2003.
Robert I. Barrar of The Law Offices of Ellis Rubin and Robert I. Barrar, Miami, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
The underlying facts in this appeal demonstrate how fatally dangerous a drug deal can be.
Dowite James, Altimond Haughton and Shawn Fagon went to the apartment of Steve Nichols to sell Jonathan Bernard drugs. They proceeded to rob Nichols and Bernard using guns. Bernard wrestled Haughton's gun away and shot Haughton dead.
James was charged with second degree felony murder, robbery with a firearm and aggravated battery with a firearm. The jury convicted him of manslaughter.
Several issues are raised on appeal which are without merit. We write, however, to illustrate how important it is to preserve error on the record in a clear manner.
During the charge conference, the state requested an instruction on manslaughter which was given. James argues on appeal that manslaughter is not a lesser included offense of second degree felony murder and thus the trial court erred by giving the instruction.
No objection was made at trial by the defense to the state-requested instruction on manslaughter. At the charge conference, *997 when the prosecutor asked if manslaughter was acceptable as a lesser included offense, James' attorney responded, "I'm not requesting that." This statement was not sufficient to preserve the issue for appellate review under Florida Rule of Criminal Procedure 3.390(d), which provides:
No party may raise on appeal the giving or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection.
James argues, without citation to authority, that even if the error was not preserved, it was fundamental. We disagree. In Ray v. State, 403 So.2d 956 (Fla.1981), the defendant was charged with sexual battery. The trial judge instructed the jury on that charge, but also instructed the jury without objection on the offense of lewd and lascivious act. The jury convicted the defendant of lewd and lascivious act. Ray filed post-trial motions alleging he was improperly convicted of a crime not charged. The trial court denied these motions and the district court affirmed the conviction.
The supreme court accepted conflict jurisdiction and framed the issue as follows:
Whether a defendant convicted of a crime for which he was not charged, but which was submitted to the jury as a lesser included offense when in fact it was not, may challenge that conviction when he failed to object to the submission of that crime to the jury.
Id. at 958. The court first determined that the crime of a lewd and lascivious act was not a permissible lesser included offense of sexual battery, noting that both were second degree felonies. Id. at 959. The court then reviewed the conflict among the districts over whether such error was fundamental. The court concluded as follows:
We hold, therefore, that it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action. Failure to timely object precludes relief from such a conviction.
Id. at 961. Applying this test, the court found that neither condition had been met, presumably because the offenses were the same degree and there was no showing of waiver. Accordingly, the supreme court quashed the district court opinion.
This court followed the Ray test in Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983) (en banc). In Torrence, the defendant was charged with attempted robbery while carrying a firearm. The trial court instructed on that crime but also instructed the jury, without objection, on what it believed to be the lesser included offense of aggravated assault (by use of a firearm). Torrence was convicted of aggravated assault. On appeal, he argued that aggravated assault was not a lesser included offense and that he was therefore convicted of a crime not charged. This court agreed that aggravated assault by the use of a firearm was not a lesser included offense of attempted robbery while carrying a firearm. However, this court strictly applied the Ray test and found that the error was not fundamental because "he had opportunities to object on the record to the erroneous instruction as well as the verdict form and failed to do so and aggravated assault is lesser in degree and penalty than attempted robbery." 440 So.2d at 394.
In Torrence, this court italicized the word "or" in the Ray test to emphasize *998 that the elements of that test were listed in the alternative, not the conjunctive. The analysis proves this point as well; once this court found the first part of the test satisfied, it stopped there and concluded that the error was not fundamental. James failed to object to the instruction on manslaughter, which is a second degree felony, a crime lesser in degree and punishment than second degree felony murder, a first degree felony. See §§ 782.04(3) and 782.07(1), Fla. Stat. Under Ray, it is not necessary to reach the second part of the test to determine whether James "requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action."[1]
AFFIRMED.
MONACO and TORPY, JJ., concur.
NOTES
[1] More recently, we applied the Ray test in Nesbitt v. State, 819 So.2d 993 (Fla. 5th DCA 2002), rev. granted, 837 So.2d 411 (Fla.2003). In Nesbitt, we concluded that the defendant's conviction on an impermissible lesser offense was not preserved for appeal because he failed to object to the instruction on that offense, nor was the error fundamental. However, we noted conflict on this issue with Levesque v. State, 778 So.2d 1049 (Fla.4th DCA 2001) and Mateo v. State, 757 So.2d 1229 (Fla. 2d DCA 2000), which hold that this type of error is fundamental. The supreme court granted review and the issue is currently pending before it.