THREADGILL, EDWARD F., Senior Judge.
C.W., a minor, appeals an adjudication of delinquency as an accessory after the fact to burglary and grand theft, alleging that the trial court could not find him guilty of that offense when he had been charged only with being a principal to the burglary and grand theft. The State correctly concedes error. -
A petition for delinquency was filed charging C.W. with burglary of a structure and grand theft. At trial, the State sought to have C.W. adjudicated delinquent on the theory that he was a principal to these offenses. Neither the State nor the defense suggested that it would be appropriate to find that C.W. was an accessory after the fact. However, following closing argument, the trial court found that C.W. was not guilty of the charged offenses but was an accessory after the fact to them. C.W.’s counsel later moved for rehearing, pointing out that C.W. had been convicted of an offense for which he had not been charged. The motion for rehearing was denied.
The Florida Supreme Court established in Ray v. State, 403 So.2d 956 (Fla.1981), that it is error to convict a defendant of a crime for which he has not been charged and which is not a lesser-included offense of a charged crime, although it also held that such error is not always fundamental. In the instant case, we need not consider the issue of fundamental error *1244 because we conclude that the motion for rehearing was sufficient to preserve this issue following a bench trial. See Nesbitt v. State, 819 So.2d 993, 994 n. 1 (Fla. 5th DCA 2002) (suggesting that bench trials limit the opportunity to object to “the trier of fact’s consideration of inappropriate lesser offenses not charged by the charging documents!,]” presumably referring to the absence of jury instructions and a verdict form). It is also noteworthy that the trial was concluded very shortly after the trial court announced its finding of guilt.
The dispositive issue in this case is whether the charge of being an accessory after the fact to burglary or grand theft was a lesser-included offense of those crimes. We conclude that the charge of being an accessory after the fact was not a lesser-included offense of the charges pleaded in the petition for delinquency. First, we note that a charge that a defendant is an accessory after the fact requires an allegation that the defendant rendered some form of assistance to an offender with the intent “that the offender avoids or escapes detection, arrest, trial[,] or punishment.” § 777.03, Fla. Stat. (2002). The petition for delinquency filed in this case, which recites only the required elements of burglary and grand theft, does not allege that C.W. offered any form of assistance to another or that he had the requisite intent. See D.L. v. State, 491 So.2d 1243, 1244 (Fla. 2d DCA 1986) (noting that an accusatory pleading can support a conviction only if it alleges “all of the necessary elements” of the offense for which a conviction was obtained). Additionally, we note that the Florida Supreme Court has characterized the crime of being an accessory after the fact as being “mutually exclusive” to the crime of being a principal to the same underlying offense. Staten v. State, 519 So.2d 622, 625 (Fla.1988).
Because C.W. was not charged with being an accessory after the fact, his conviction for that offense cannot stand. D.L., 491 So.2d at 1244. We therefore reverse his conviction and remand for discharge.
Reversed and remanded.
KELLY and VILLANTI, JJ., Concur.