880 So.2d 696 (2004)
Patrick Antonio CHAMBERS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1716.
District Court of Appeal of Florida, Second District.
April 28, 2004.
*697 James Marion Moorman, Public Defender, and Tonja R. Vickers, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
EN BANC.
ALTENBERND, Chief Judge.
Patrick Antonio Chambers appeals his judgment for aggravated assault with a firearm[1] and tampering with evidence[2] and his sentence of 26.7 years in prison. We affirm the tampering with evidence conviction. We also affirm Mr. Chambers' conviction for aggravated assault with a firearm. Mr. Chambers was charged with attempted second-degree murder with a firearm and convicted of aggravated assault with a firearm as a lesser-included offense. If this court followed its decisions in Mateo v. State, 757 So.2d 1229 (Fla. 2d DCA 2000), and Wilburn v. State, 840 So.2d 384 (Fla. 2d DCA 2003), we would be obligated to reverse this conviction because aggravated assault is not a category one necessarily included lesser offense of attempted second-degree murder and the information did not contain allegations making this offense a proper category two permissive lesser-included offense.[3]See, e.g., State v. Weller, 590 So.2d 923 (Fla.1991) (explaining distinction between necessary and permissive lessers). We conclude, however, that Mateo and Wilburn were issued without adequate consideration of the supreme court's decision in Ray v. State, 403 So.2d 956 (Fla.1981). *698 Under the rule announced in Ray, Mr. Chambers' conviction must be affirmed. We recede from our decisions in Mateo and Wilburn to the extent that they conflict with Ray and this opinion.
The facts in this case are disputed, and we suspect that no version of the facts presented to the jury was entirely accurate. On March 21, 2002, Mr. Chambers knocked on the door of Marcia Radway's apartment. Ms. Radway claimed that he forced his way in and told her that he had been hired to kill her. He pulled out a gun and threatened her with it. At the time of these events, Richard Blair was in the bathroom of the apartment. Mr. Chambers allegedly threatened him with the gun and told him not to come out of the bathroom. A struggle then occurred between Ms. Radway and Mr. Chambers in which the gun discharged and shot her in the leg. Mr. Chambers then fled from the apartment. At trial, Ms. Radway testified that she had not known Mr. Chambers prior to this burglary. Ms. Radway is Jamaican and when the police first arrived at the scene of this crime, she told them that another Jamaican named "Zeke" had shot her.
Mr. Chambers was arrested following a high-speed car chase during which he threw the gun involved in the shooting out the window of his car. Following his arrest, Mr. Chambers gave a recorded statement to the police in which he claimed that he and a man named "Dray" had gone to the apartment to purchase thirteen pounds of marijuana. Mr. Chambers stated that "Dray" was involved in the purchase of the marijuana in another room, while he merely waited in the living room. Mr. Chambers heard a scuffle in the other room and then a gunshot. Thereafter, the two men fled together. However, no one named "Dray" was ever located. The gunshot alerted neighbors to this event, and no neighbor saw anyone other than Mr. Chambers leave the apartment. It is interesting to note, however, that Mr. Blair left the apartment immediately after the shooting and did not return until the police had already begun their investigation.
The State charged Mr. Chambers with armed burglary of a dwelling, aggravated assault of Richard Blair, attempted second-degree murder of Ms. Radway, and tampering with physical evidence, i.e., the firearm. Mr. Chambers was found not guilty of the burglary and of the assault on Richard Blair. He was found guilty of tampering, but that conviction creates no issue for appeal.
Concerning the attempted second-degree murder of Ms. Radway, the jury was instructed on several lesser offenses. The trial court provided instructions on attempted manslaughter, aggravated battery, aggravated assault, felony battery, battery, and assault. As to both aggravated battery and aggravated assault, the jury was further permitted to determine on the verdict form (1) whether Mr. Chambers possessed a firearm, (2) whether Mr. Chambers discharged a firearm, and (3) whether the discharge of the firearm did or did not result in great bodily injury.
During the jury charge conference, the parties and the trial court discussed the lesser-included offenses. The trial court even had the lawyers revisit this issue near the end of the charge conference. Everyone agreed that the instructions and the verdict form were sufficient. No error concerning these instructions was preserved. Following the closing arguments in which the lesser-included instructions were not a significant factor, the jury returned its verdict finding Mr. Chambers guilty of an aggravated assault of Ms. Radway during which he possessed and discharged a firearm, causing her great bodily injury.
*699 On appeal, Mr. Chambers argues that he could not be convicted of aggravated assault because aggravated assault is not a category one lesser-included offense of second-degree murder, and the information failed to allege the essential elements of aggravated assault. Without such allegations, aggravated assault could not be a category two lesser-included offense. He is correct that the State was not entitled to have the jury instructed on this lesser offense. The dispositive issue on appeal, however, is whether the inclusion of this unauthorized lesser offense in the instructions and on the verdict form was fundamental error. We conclude that it was not.
The development of this issue probably begins with Ray v. State, 403 So.2d 956 (Fla.1981). In Ray, the defendant was charged with sexual battery. The trial court instructed the jury on sexual battery and a lewd and lascivious act, although a lewd and lascivious act was a not a proper lesser-included offense. Ray, 403 So.2d at 959. The jury convicted the defendant of a lewd and lascivious act, and the district court affirmed.
The supreme court accepted conflict jurisdiction and framed the issue as follows: "[W]hether a defendant convicted of a crime for which he was not charged, but which was submitted to the jury as a lesser-included offense when in fact it was not, may challenge that conviction when he failed to object to the submission of that crime to the jury." Ray, 403 So.2d at 958.
The supreme court held
that it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action.
Ray, 403 So.2d at 961 (footnote omitted).[4] In reversing Ray's conviction, the supreme court determined that the lewd and lascivious offense in 1975 was not an offense that was of a lesser degree and penalty than sexual battery and that his counsel had neither requested nor relied upon the improper instruction.[5] Thus, neither of the conditions had been met, and the court held it was fundamental error to convict Mr. Ray.
An extensive body of case law has developed from Ray.[6] This court followed Ray *700 in Thomas v. State, 820 So.2d 382 (Fla. 2d DCA 2002). In Thomas, we affirmed a conviction for driving under the influence (DUI) with serious bodily injury, even though this offense was not a lesser-included offense of DUI manslaughter as charged in the information. 820 So.2d at 384-85. The defendant had not objected to the instructions on the lesser offense, and the offense was lesser in degree and penalty. Id.
As in Thomas, the information against Mr. Chambers did not allege all of the statutory elements of aggravated assault. However, he was afforded an opportunity to object and failed to do so. Continuing to apply the Ray analysis, we conclude that aggravated assault with a firearm, a second-degree felony, is lesser in degree and punishment than attempted second-degree murder with a firearm, a first-degree felony.[7] Accordingly, under the holding in Ray, we affirm Mr. Chambers' conviction.
On at least two prior occasions, this court has resolved cases that were controlled by Ray, without a proper analysis of that decision. See Mateo, 757 So.2d 1229; Wilburn, 840 So.2d 384. In Mateo, the defendant was charged with sexual battery using force likely to cause serious personal injury. 757 So.2d at 1230; see also § 794.011(3), Fla. Stat. (1997). He was convicted of aggravated battery. See § 784.045, Fla. Stat. (1997). Even though the defendant did not object to the instructions on this lesser offense and the offense was lesser in both degree and penalty, we reversed the conviction without any discussion of Ray. Mateo, 757 So.2d at 1230. Additionally, in Wilburn, we reversed an aggravated assault conviction because the information had not charged that the victim had been placed in fear by the defendant's actions. Wilburn relies upon Mateo to reach this result. We now recede from those cases.
In Mateo, instead of citing to Ray, this court cited to three cases: State v. Von Deck, 607 So.2d 1388 (Fla.1992), State v. Gray, 435 So.2d 816 (Fla.1983), and Velasquez v. State, 654 So.2d 1227 (Fla. 2d DCA 1995).
Von Deck involved a conviction for an improper lesser-included offense; however, the error was a preserved error. The court was not required to perform a fundamental error analysis. 607 So.2d at 1389-90. Thus, Von Deck did not compel the result reached in Mateo.
Gray involved a conviction for an offense that the State intended to be the charged offense, not a lesser offense. In Gray, the defendant argued that the information was *701 so defective that it completely failed to charge any crime. The supreme court ruled that it was a violation of due process and a fundamental error to convict a person upon an information or indictment that failed to charge any crime. Significantly, the court held that the information in Gray was sufficient to allege a crime. Gray was issued two years after Ray, and the supreme court made no effort to overrule or qualify Ray when it issued the later case. Gray, 435 So.2d at 818-20.
There can be little doubt that the district courts have extended the ruling in Gray to reach cases that can be compared to Ray. For example, in Velasquez, this court reviewed a conviction for a lesser-included offense in a case that had been tried without a jury. In Velasquez, the defendant was charged with attempted first-degree murder. At the end of the trial, the judge simply announced that the defendant was convicted of aggravated assault, which was not an available lesser-included offense. This court, relying upon Gray, reversed the conviction and remanded for a new trial in which the State apparently had the right to amend the information to allege the offense of aggravated assault.
Velasquez did not involve a case submitted to a jury with a verdict form including the improper lesser-included offense. Velasquez "did not present the opportunity to object to the trier of fact's consideration of inappropriate lesser offenses in lieu of the main charge, an opportunity Ray finds to be significant." Nesbitt, 819 So.2d at 994 n. 1. Thus, our opinion in Velasquez is distinguishable from Ray.
Even though we have no occasion to overrule Velasquez in this case, it should be noted that the information in Velasquez undoubtedly alleged a crime; it charged the primary offense of attempted first-degree murder. It simply did not charge the lesser-included offense.[8] If the rule announced in Ray is intended to apply in nonjury cases, our ruling in Velasquez can be questioned. Similar criticism could be aimed at our opinions in C.R.C. v. State, 842 So.2d 235 (Fla. 2d DCA 2003), and Mauldin v. State, 696 So.2d 801 (Fla. 2d DCA 1997).[9]
There is, of course, a significant distinction in trial tactics between a jury trial and a nonjury trial. It is often prudent for a defendant in a jury trial to give the jury as many options as possible to choose a lesser-included offense. Thus, offenses that technically are not category two lesser-included offenses may be presented to the jury without objection because the defendant can benefit from these lesser-included offenses. To allow a defendant to affirmatively rely on an improper lesser-included instruction and then request reversal on appeal allows that defendant to reduce the criminal justice system to a game that Judge Sharp has described as "heads I win, tails you lose." Weber v. State, 602 So.2d 1316, 1319 (Fla. 5th DCA 1992).
In this case, for example, it seems highly unlikely that a jury would have selected the next lesser offense, felony battery, if aggravated assault had been omitted. Given the undisputed evidence that the victim sustained a bullet wound to her thigh, without this option it seems far *702 more likely that the jury would have selected aggravated battery as the appropriate conviction. Thus, we hesitate to find fundamental error in these situations because it is likely that the defendant has not been harmed by the unpreserved error. See generally Reed v. State, 837 So.2d 366, 369-70 (Fla.2002) (fundamental error must be harmful).[10]
Accordingly, we now recede from Mateo and Wilburn to the extent that they conflict with Ray and this opinion. By this opinion, we intend to align this district with the other district courts of appeal. See Nesbitt v. State, 819 So.2d 993, 994 (Fla. 5th DCA 2002), review granted, 837 So.2d 411 (Fla.2003); Herise v. State, 763 So.2d 393 (Fla. 3d DCA 2000); Tolbert v. State, 679 So.2d 816 (Fla. 4th DCA 1996) (en banc). Ironically, we must also recognize conflict with Levesque v. State, 778 So.2d 1049 (Fla. 4th DCA 2001), because that decision relied upon our decision in Mateo.[11]
Affirmed.
FULMER, WHATLEY, CASANUEVA, SALCINES, STRINGER, SILBERMAN, COVINGTON, KELLY, CANADY, VILLANTI, and WALLACE, JJ., Concur.
DAVIS, J., Dissents with opinion in which NORTHCUTT, J., Concurs.
DAVIS, Judge, Dissenting.
I respectfully dissent. I do not believe that the holding of Ray, 403 So.2d 956, should be applied to these facts or even that it is the law. Accordingly, I disagree with the majority's conclusion that this court should recede from our opinions in Mateo, 757 So.2d 1229, and Wilburn, 840 So.2d 384.
One must start this analysis with the premise that to charge an individual with one offense and convict him of another, even though the offenses are closely related, is error. See Penny v. State, 140 Fla. 155, 191 So. 190 (1939). Additionally, "a conviction on a charge not made by the indictment or information is a denial of due process of law." State v. Gray, 435 So.2d 816, 818 (Fla.1983) (citing Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940)). The issue then is whether such an error is fundamental and thus can be raised for the first time on appeal or whether it can be waived by a defendant's failure to object to a jury instruction and verdict form charging an offense not alleged in the charging document.
As indicated by the majority, Ray states that it is not fundamental error to convict a defendant of a permissible lesser-included offense that is less serious with regard to permitted punishment than the originally charged offense if the defendant fails to object to the jury instruction and verdict *703 form for this lesser offense. Ray further states that the defendant's failure to object during the trial will be deemed a waiver of any objection. However, those statements are dicta. Ray was charged with sexual battery, a second-degree felony. He was convicted of lewd assault, also a second-degree felony. Since the "lesser included" charge was of the same degree of felony, the supreme court held that the error was fundamental and that "silence alone is not sufficient to demonstrate a waiver." Ray, 403 So.2d at 961. After reaching that conclusion, the court went on to determine that although the error in that case was fundamental,
it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action.
Id. (footnote omitted). That determination was not essential to resolve the issue before the court in that case and thus was dicta.[12]
Furthermore, the same court decided Gray, 435 So.2d 816, two years later. In Gray, the court determined that if the charging document fails to allege all the elements of the offense with which the defendant is charged, a subsequent conviction is subject to challenge at any time as such is fundamental error. In reaching this conclusion, the court relied on the principle of the denial of due process. "However, a conviction on a charge not made by the indictment or information is a denial of due process of law." Id. at 818 (citing Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940); De Jonge v. Oregon, 299 U.S. 353, 57 S.Ct. 255, 81 L.Ed. 278 (1937)).
The majority would distinguish Gray from Ray by pointing out that Ray specifically addresses the case of the lesser-included offense, while Gray deals only with situations where the information is defective in charging the original offense. I disagree with such reasoning. In both situations, the error is a denial of due process. If, as Gray states, a conviction cannot rest upon an information that fails to allege all the elements of the offense charged because the conviction is fundamental error, how does the conviction of a lesser offense based on an information that does not allege the elements of that offense become less than fundamental? The denial of due process is the same for both situations.
Furthermore, such a distinction potentially leads to an untenable result. A defendant whose counsel fails, after months of discovery and pretrial preparation, to recognize that the information does not allege all the necessary elements of the charged offense, and who proceeds to trial and is convicted, may challenge the defective information for the first time on appeal because the error is deemed fundamental. See Gray, 435 So.2d 816. However, a defendant whose counsel skillfully marshals the facts and the law so as to convince the fact finder to convict the defendant of only a permissive lesser-included offense is not able to challenge the information for the first time on appeal because the error is not fundamental. The defective information in the first instance *704 is deemed to be fundamental error because the defendant has not been apprised of the charge against which he must defend. This is true even though counsel had ample time to review the information, the evidence, and the law in preparation for trial. In the second instance, the error is not fundamental even though defense counsel may have been first made aware that the State was asking for an instruction on the permissible lesser-included offense during the charge conference. This distinction requires counsel to immediately recognize the deficiency of the charging instrument and make a proper objection or have his silence considered a waiver of his client's due process objection. See Ray, 403 So.2d 956. This result is troublesome because an information that fails to allege an essential element of the offense creates fundamental error simply because the defendant had no notice of the offense with which he was being charged. The fundamental nature of this error is not alleviated by the attorney's success at having the offense reduced to something less than the original charge.
Unless the Florida Supreme Court recedes from Gray, I would argue that the majority's reliance on Ray is misplaced because the purported holding is dicta and was directly contradicted by the subsequent holding in Gray. Accordingly, I would not recede from our opinions in Mateo, 757 So.2d 1229, and Wilburn, 840 So.2d 384, but rather, I would grant Mr. Chambers the relief he has requested.
NOTES
[1] §§ 775.087(c), 784.021, Fla. Stat. (2002).
[2] § 918.13, Fla. Stat. (2002).
[3] There is also dicta in Guffey v. State, 837 So.2d 1068 (Fla. 2d DCA 2003), that might support a reversal.
[4] We appreciate the dissent's argument that the rule announced in Ray is dicta. The supreme court itself, however, stated that it was announcing this rule as a holding of the case. See Ray, 403 So.2d at 961. We are not inclined to disregard that statement. See F.B. v. State, 852 So.2d 226 (Fla.2003); Puryear v. State, 810 So.2d 901 (Fla.2002).
[5] It is useful to note that these tests are disjunctive. The judgment must be affirmed if either test is satisfied and must be reversed only if neither is satisfied.
[6] See, e.g., James v. State, 845 So.2d 996 (Fla. 5th DCA 2003) (holding instruction on manslaughter not fundamental error because it is lesser in degree and punishment than second-degree murder); Nesbitt v. State, 819 So.2d 993 (Fla. 5th DCA 2002) (holding instruction on aggravated assault not fundamental error because defense counsel expressly agreed to instruction as lesser-included of attempted second-degree murder), review granted, 837 So.2d 411 (Fla.2003) (granting jurisdiction based on conflict with Mateo and Levesque v. State, 778 So.2d 1049 (Fla. 4th DCA 2001)); Lewellen v. State, 682 So.2d 186 (Fla. 2d DCA 1996) (holding instruction on petit theft was not fundamental error because it was lesser in degree and punishment than grand theft of a motor vehicle); Pointec v. State, 614 So.2d 570 (Fla. 5th DCA 1993) (holding instruction on simple criminal trespass not fundamental error in prosecution for felony trespass because defense counsel relied on simple trespass during closing argument); Roberts v. State, 461 So.2d 212 (Fla. 1st DCA 1984) (holding instruction on criminal mischief not fundamental error because defense counsel requested it during prosecution for second-degree arson); Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983) (holding instruction on aggravated assault not fundamental error because it is lesser in degree and punishment than attempted robbery with a firearm); see also Lane v. State, 861 So.2d 451 (Fla. 4th DCA 2003) (holding instruction on aggravated battery fundamental error as lesser-included offense of attempted second-degree murder because both offenses are second-degree felonies and defense counsel did not request or rely on instruction).
[7] Second-degree murder is a first-degree felony. See § 782.04(2), Fla. Stat. (2002). An attempt to commit that crime reduces it to a second-degree felony. See § 777.04(4)(c), Fla. Stat. (2002). The use of a firearm, however, reclassifies the offense as a first-degree felony. § 775.087, Fla. Stat. (2002). Moreover, aggravated assault is a third-degree felony. See § 784.021(2), Fla. Stat. (2002). The use of a firearm, however, reclassifies the offense as a second-degree felony. See § 775.087(c).
[8] Velasquez was decided prior to the enactment of the Criminal Appeal Reform Act, see § 924.051(3), Fla. Stat. (2003), and the supreme court's decisions in Reed v. State, 837 So.2d 366 (Fla.2002), and F.B. v. State, 852 So.2d 226 (Fla.2003). Whether the holding in Velasquez has survived these changes is not an issue for today.
[9] On at least one occasion we have suggested that Ray did not apply in a nonjury case. See C.W. v. State, 861 So.2d 1243, 1244 (Fla. 2d DCA 2003).
[10] In a nonjury trial, there may be less notice and no strategy involved when a trial court simply announces at the end of the trial that it is convicting the defendant of an uncharged crime that defense counsel has not suggested in closing arguments. See C.W., 861 So.2d 1243 (concluding motion for rehearing sufficient to preserve issue following bench trial). If a defense attorney objects at the first opportunity, i.e., when the trial court makes its oral ruling convicting the defendant of an uncharged crime, there is a risk that the trial judge will immediately correct the error by convicting the defendant of a greater crime. Thus, the nonjury trial has a dynamic that may well support our ruling in Velasquez.
[11] We note that although the Fourth District characterized Levesque as a "rogue case" in Lane v. State, 861 So.2d 451 (Fla. 4th DCA 2003), Lane was not heard en banc, and the Fourth District has not receded from Levesque. Levesque is one of the cases the supreme court has relied upon to accept review of Nesbitt.
[12] I would agree that should a defendant request the instruction and verdict form or should counsel argue the questioned lesser offense to the defendant's favor, the error should be considered invited error and relief should be denied.