[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 1, 2012
JOHN LEY
CLERK

No. 11-11848
Non-Argument Calendar

_____

D.C. Docket No. 8:08-cv-00176-EAK-EAJ

PATRICK A. CHAMBERS,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 1, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Patrick Chambers, a Florida prison inmate proceeding *pro se*, appeals the

district court's denial of his petition to set aside his conviction for aggravated

assault pursuant to 28 U.S.C. § 2254. The Florida District Court of Appeal, in affirming his conviction and sentence in *Chambers v. State* (*"Chambers I"*), described the State's case against Chambers thusly:

> On March 21, 2002, Mr. Chambers knocked on the door of Marcia Radway's apartment. Ms. Radway claimed that he forced his way in and told her that he had been hired to kill her. He pulled out a gun and threatened her with it. At the time of these events, Richard Blair was in the bathroom of the apartment. Mr. Chambers allegedly threatened him with the gun and told him not to come out of the bathroom. A struggle then occurred between Ms. Radway and Mr. Chambers in which the gun discharged and shot her in the leg. Mr. Chambers then fled from the apartment. At trial, Ms. Radway testified that she had not known Mr. Chambers prior to this burglary. Ms. Radway is Jamaican and when the police first arrived at the scene of this crime, she told them that another Jamaican named "Zeke" had shot her.
>
> Mr. Chambers was arrested following a high-speed car chase during which he threw the gun involved in the shooting out the window of his car. Following his arrest, Mr. Chambers gave a recorded statement to the police in which he claimed that he and a man named "Dray" had gone to the apartment to purchase thirteen pounds of marijuana. Mr. Chambers stated that "Dray" was involved in the purchase of the marijuana in another room, while he merely waited in the living room. Mr. Chambers heard a scuffle in the other room and then a gunshot. Thereafter, the two men fled together. However, no one named "Dray" was ever located. The gunshot alerted neighbors to this event, and no neighbor saw anyone other than Mr. Chambers leave the apartment. It is interesting to note, however, that Mr. Blair left the apartment immediately after the shooting and did not return until the police had already begun their investigation.
>
> The State charged Mr. Chambers with armed burglary of a dwelling, aggravated assault of Richard Blair, attempted second-degree murder of Ms. Radway, and tampering with physical

2

> evidence, i.e., the firearm. Mr. Chambers was found not guilty of the burglary and of the assault on Richard Blair. He was found guilty of tampering, but that conviction creates no issue for appeal.

880 So.2d 696, 698 (Fla. 2d Dist. Ct. App. 2004). The trial court instructed the jury on the lesser included offenses of attempted second-degree murder: aggravated battery, aggravated assault, felony battery, battery and assault. Defense counsel did not object to the instructions. On appeal, Chambers argued that aggravated battery was not a category one lesser-included offense, and, moreover, that the charging document failed to allege the essential elements of the offense. The District Court of Appeal agreed, but held that the error did not amount to a fundamental error requiring reversal. *Chambers I*, 880 So.2d at 699. Chambers then petitioned the appellate court for a writ of habeas corpus on the ground that appellate counsel was ineffective for failing to argue that it was fundamental error to instruct the jury on aggravated assault while discharging a firearm resulting in great bodily injury, because the penalty for the offense was the same as the penalty for attempted second-degree murder. The court denied his petition on the ground that the instruction did not amount to fundamental error because Chambers suffered no prejudice. *Chambers v. State*, 975 So.21d 444 (Fla. 2d Dist, Ct. App. 2007) (*Chambers II*). Chambers then moved the trial court pursuant to Florida Rule of Criminal Procedure 3.850 to vacate his aggravated

3

assault conviction on the ground that defense counsel was ineffective for failing to object to the jury instruction on aggravated assault. The court denied his motion, concluding that the effect of the District Court of Appeal's holdings that Chambers had not been "harmed by the unpreserved error" was that he had not suffered *Strickland* prejudice. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Chambers appealed the ruling, and the District Court of Appeal affirmed *per curiam*. *Chambers v. State*, 905 So.2d 125 (Fla. 2d Dist. Ct. App. 2005).

Having no success in the Florida courts, Chambers repaired to the federal district court for relief under § 2254. The district court agreed with the Florida courts that Chambers failed to establish *Strickland* prejudice and thus denied the writ. We granted a certificate of appealability as to whether Chambers's trial counsel rendered ineffective assistance by failing to object to the inclusion of an aggravated assault instruction in the court's charge to the jury.

In his brief, Chambers argues that the state habeas court unreasonably applied *Strickland* when it determined that he was not prejudiced by his trial counsel's performance. Specifically, Chambers argues that if aggravated assault was not listed on the jury verdict form, the jury would have, at most, selected felony battery, the next lowest offense, because the jury did not select the lesser

4

included offenses listed above aggravated assault.

We review a district court's denial of a habeas petition under 28 U.S.C. § 2254 *de novo* and its factual findings for clear error. *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998). A habeas petition based on ineffective assistance of counsel presents a mixed question of law and fact that we review *de novo*. *Id.* "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (quotation omitted).

Under 28 U.S.C. § 2254(d), a federal court may not grant habeas relief on claims that were previously adjudicated in state court, unless the state court's adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d)(1)-(2).

In *Strickland*, the Supreme Court set out a two-part inquiry for ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that

5

counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

466 U.S. at 687, 104 S.Ct. at 2064. A habeas petitioner claiming ineffective assistance of counsel must succeed on both prongs of the *Strickland* test. *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001). If the defendant makes an insufficient showing on the prejudice prong, we need not address the performance prong, and vice versa. *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000).

A prisoner must establish prejudice in order to succeed on an ineffective assistance claim, even if there was a structural error in the criminal proceedings. *Purvis v. Crosby*, 451 F.3d 734, 743 (11th Cir. 2006). Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id.* It is not enough for the defendant to show that the error had some conceivable effect on the outcome of the proceeding. *Id.* at 693, 104 S.Ct. at 2067. He must show that the result would have been different. *See id.*

The standard of review is "doubly deferential" when we evaluate a *Strickland* claim is under the § 2254(d)(1) standard. *Knowles v. Mirzayance*, 556 U.S. 111, ___, 129 S.Ct. 1411, 1420, 173 L.Ed.2d 251 (2009). "The question is

6

not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Id.* (quotation omitted).

Here, Chambers has not shown that the District Court of Appeal's denial of his ineffective assistance claim based on the lack of prejudice was contrary to, or an unreasonable application of, *Strickland*. In this case, the issue of prejudice comes down to whether, absent the inclusion of aggravated assault on the verdict form and in the jury instruction, the jury would have selected the lesser included offense of aggravated battery, which contains the same statutory minimum sentence as aggravated assault, or the offense of felony battery, which would have resulted in a significantly lower sentence. The District Court of Appeal reasoned that it was highly unlikely that a jury would have selected the next lesser offense of felony battery, and concluded that, therefore, Chambers had not been prejudiced under *Strickland*. Given the fact that it is arguable that the jury would have selected aggravated battery or felony battery, the state court did not unreasonably determine that the jury would have selected the higher offense of aggravated battery. *See Knowles*, 556 U.S. at ___, 129 S.Ct. at 1420 (stating that the inquiry is whether the state court's *Strickland* determination was unreasonable). While Chambers's argument that the jury would have selected felony battery is plausible,

7

Chambers cannot meet his burden by merely establishing that the error had some conceivable effect on the outcome of the proceeding. *See Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067. Accordingly, because the District Court of Appeal did not unreasonably determine that Chambers failed to meet the prejudice prong of *Strickland*, we affirm the denial of his § 2254 petition.

AFFIRMED.