PER CURIAM.
The Court has for review Busby v. State, 766 So.2d 259 (Fla. 4th DCA 2000), in which the Fourth District Court of Appeal certified conflict with the Second District’s decision in Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), on the issue of standing to challenge chapter 95-182, Laws of Florida, as violative of the single subject rule contained in article III, section 6 of the Florida Constitution. The Court has jurisdiction. See Art. V, § 3(b)(4), Fla. Const.
The State of Florida charged Andrew Busby with six offenses, all of which occurred on December 13, 1996. Busby was convicted on all six counts and was sentenced under the habitual violent felony offender statutes as to two counts. As to the four other counts, he was sentenced as a violent career criminal pursuant to section 775.084(l)(c), Florida Statutes (1995). Busby sought review of his sentence as a violent career criminal.
On appeal, Busby argued that chapter 95-182, which created the violent career criminal sentencing category incorporated into section 775.084, violated the single subject rule contained in article III, section 6 of the Florida Constitution. The district court, relying on our recent decision in State v. Thompson, 750 So.2d 643 (Fla.1999), agreed that chapter 95-182 violated the single subject rule requirement contained in Florida’s constitution. See Busby, 766 So.2d at 264. Nevertheless, the Fourth District determined that Busby lacked standing to challenge the validity of chapter 95-182 because the date of the commission of the crimes was outside the window period within which such challenge could be made. See id. (citing Salters v. State, 731 So.2d 826 (Fla. 4th DCA 1999)(holding that only those persons who committed their criminal offense on or after October 1, 1995, but before October 1, 1996, had standing to challenge chapter 95-182 on single subject rule grounds)). In so doing, the Busby court certified conflict with Thompson v. State, 708 So.2d 315 (Fla. 2d DCA 1998), wherein the Second District held that the window period extended from October 1, 1995, through May 24, 1997. See Busby, 766 So.2d at 264. Busby seeks review.
Since the issuance of the Fourth District’s decision below, we have resolved the certified conflict. In Salters v. State, 758 So.2d 667 (Fla.2000), we conclusively determined that those who seek to challenge the “violent career criminal sentencing provision enacted by chapter 95-182 have *51 standing to do so if the relevant criminal offense or offenses occurred on or after October 1, 1995, and before May 24,1997.” Thus, consistent with our decision in Sal-ters, because Andrew Busby committed the offenses charged on December 13, 1996, he does have standing to raise a single subject rule challenge to chapter 95-182. Accordingly, we quash the decision below as it relates to the issue of standing. Further, we reverse Busby’s violent career criminal sentence and remand for resentencing in accordance with the valid laws in effect on December 13, 1996, the date of the offenses. See Thompson, 750 So.2d at 649 (remanding for resentenc-ing in accordance with the valid laws in effect at the time the defendant committed the offenses).
It is so ordered.
SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.
WELLS, C.J., dissents.