778 So.2d 1049 (2001)
Giles LEVESQUE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-3751.
District Court of Appeal of Florida, Fourth District.
February 14, 2001.
*1050 Carey Haughwout, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
KAHN, LISA D., Associate Judge.
The appellant, Giles Levesque, was charged with second degree murder. After a jury trial, he was found guilty of aggravated battery. He challenges his conviction, arguing that the trial court erred in instructing the jury that aggravated battery is a lesser included offense of second degree murder. Because the information did not sufficiently allege commission of aggravated battery by causing great bodily harm, the trial court erred in instructing the jury on this theory. Accordingly, we reverse the conviction for aggravated battery.
The information charged Levesque with second degree murder by striking or kicking the victim in the head.[1] Second degree murder is a general intent crime while aggravated battery is a specific intent crime. See Howard v. State, 732 So.2d 489, 490 (Fla. 4th DCA 1999). "A person commits aggravated battery who, in committing battery: 1. intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement...." § 784.045(1)(a), Fla. Stat. (1995). Aggravated battery is not a necessary lesser included offense of second degree murder, but it may be a permissive lesser offense depending upon the allegations in the information.[2]See Busby v. State, 766 So.2d 259, 263 (Fla. 4th DCA), decision quashed on other grounds by, 765 So.2d 49 (Fla.2000).
The information did not allege that Levesque intentionally or knowingly caused great bodily harm. It is error to give a jury instruction on a permissive lesser included offense unless the accusatory pleading alleges all the elements of the lesser offense. See K.H. v. State, 763 So.2d 1187, 1188 (Fla. 4th DCA 2000); Lawrence v. State, 685 So.2d 1356, 1357 (Fla. 2d DCA 1996); Andrews v. State, 679 So.2d 859 (Fla. 1st DCA 1996); Watkins v. State, 632 So.2d 184 (Fla. 3d DCA 1994). Accordingly, the trial court erred by improperly instructing the jury that Levesque could be found guilty of aggravated battery.
The state argues that Levesque raises this issue for the first time on appeal. At trial, Levesque argued that the evidence was not sufficient to instruct the jury on the lesser included offense of aggravated *1051 battery. Although Levesque's appeal alleges a ground different from the issue argued at the trial level, it is fundamental error for a person to be convicted of an offense not charged in the information. See K.H., 763 So.2d at 1188. Therefore, Levesque may raise this issue for the first time on appeal. See Mateo v. State, 757 So.2d 1229, 1230 (Fla. 2d DCA 2000).
We therefore reverse Levesque's conviction and sentence for aggravated battery pursuant to section 784.045(1)(a)(1), Florida Statutes (1995). On remand, the state may file a new or amended information, if it so elects.[3]See K.H., 763 So.2d at 1188, n. 1; Mauldin v. State, 696 So.2d 801, 802 (Fla. 2d DCA 1997).[4]
Reversed and remanded.
FARMER and TAYLOR, JJ., concur.
NOTES
[1] The information stated: "Giles Jean Jacques Levesque on the 17th day of March, A.D.1996, in the County and State aforesaid, did then and there unlawfully and feloniously, by an act imminently dangerous to another and evincing a depraved mind regardless of human life, although without a premeditated design to effect the death of any particular individual, did unlawfully kill and murder one Emile St. Onge, a human being, by striking and/or kicking the said Emile St. Onge in the head causing injuries from which the said Emile St. Onge did languish and die on March 29, 1996, contrary to F.S. 782.04(2)."
[2] A necessary lesser included offense is an offense which is necessarily included in the offense charged, while a permissive lesser included offense may or may not be included in the offense charged, depending on the accusatory pleading and the evidence. See Sims v. State, 740 So.2d 1256, 1257 (Fla. 1st DCA 1999).
[3] The court recognizes that the statute of limitations may be a problem on remand, however, that issue is not yet ripe for appeal.
[4] The appellant withdrew points I and II on appeal.