861 So.2d 451 (2003)
John LANE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-250.
District Court of Appeal of Florida, Fourth District.
September 17, 2003.
*452 Carey Haughwout, Public Defender, and Iva Oza, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
Along with two co-defendants, the state charged appellant, John Lane, with attempted murder in the second degree. We reverse appellant's conviction for aggravated battery, which, in this case, should not have been given to the jury as a lesser included offense of attempted second degree murder.
The information read:
[The State Attorney] charges that [the defendants] on the 9th day of November, A.D.2000, in the County and State aforesaid, by an act imminently dangerous to another and evincing a depraved mind regardless of human life, although without a premeditated design to effect the death of any particular individual, did unlawfully attempt to kill and murder one Naphtily Collins, a human being, by striking Naphtily Collins repeatedly about the head and face, contrary to F.S. 782.04 and F.S. 777.04(4).
The case arose from an incident in a park where a group of young people choked, punched, and kicked the victim while he was on the ground. As a result of the beating, upon his admission to the hospital, the victim required intracranial pressure monitoring to treat a life threatening condition. Also, due to the blunt trauma to his skull, the victim had a lateral gaze of the right eye, which meant that he was unable to have his eyes face in the same direction. A month after the incident, a clinical neuropsychologist found that the victim had such significant memory deficits that he had no recollection of the beating.
During a recess of the defense's case, the parties discussed jury instructions. In a discussion of lesser included crimes, defense counsel noted that "[w]e are not asking for aggravated battery," but only for battery and assault. After the state remarked that it was requesting aggravated battery, the trial court announced that it would include all three of these lesser-included offenses, aggravated battery, battery, and assault. The state commented that defense counsel should review the final verdict form; the trial court then noted that "[defense counsel] has an objection to the aggravated battery." Defense counsel objected to a principal instruction.
The trial court instructed the jury on the crime of attempted second degree murder and on the lesser included crimes of aggravated battery, battery, and assault. The jury returned a verdict finding Lane guilty of aggravated battery.
Lane contends that the trial court erred when it instructed the jury on the permissive lesser included offense of aggravated battery. His argument is that the instruction was improper "because the information did not allege all the elements of aggravated battery, specifically, that [Lane] intentionally or knowingly caused great bodily harm." See § 784.045(1), Fla. Stat. (2001).
Although Lane generally objected to the giving of the aggravated battery instruction at trial, he did not articulate the argument he now makes on appeal. Florida Rule of Criminal Procedure 3.390(d) requires such precision, providing that
[n]o party may raise on appeal the giving or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating *453 distinctly the matter to which the party objects and the grounds of the objection.

(Emphasis added). Defense counsel's statement that he was "not asking for aggravated battery" was insufficient to alert the trial judge as to the error for which Lane now seeks reversal and did not preserve the issue for appeal. See Cardenas v. State, 816 So.2d 724, 726 (Fla. 1st DCA 2002) ("Merely objecting to the giving of a standard jury instruction, without stating the specific grounds for the objection, does not preserve for appellate review the issue of whether the instruction was given in error.").
Even if an issue pertaining to a jury instruction has not been preserved, it may by raised on appeal if fundamental error has occurred. See Lawrence v. State, 831 So.2d 121, 137 (Fla.2002). Ray v. State, 403 So.2d 956 (Fla.1981), compels the conclusion that fundamental error occurred which requires reversal of this case.
In Ray, the defendant was charged with sexual battery with physical force not likely to cause serious personal injury. See § 794.011(5), Fla. Stat. (1975). The defendant was convicted of lewd assault, which the trial court submitted to the jury as a lesser included offense of the sexual battery. See § 800.04, Fla. Stat. (1975); Ray, 403 So.2d at 958. Both of these crimes instructed on by the trial court were second degree felonies. Lewd assault was improperly given as a permissive lesser included offense "because the information did not contain all the elements specified in section 800.04." Ray, 403 So.2d at 959.[1]
The supreme court held that Ray's silence in the face of the erroneous charge did not waive the error. Id. at 961. The supreme court stated its holding in the negative:
[I]t is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action. Failure to timely object precludes relief from such a conviction.
Id. (footnote omitted). The supreme court observed that these conditions had not been met in Ray; both the crime charged and the ultimate conviction were second degree felonies and defense counsel had neither requested nor relied on the "lesser" lewd assault charge. Id.
This case falls under the Ray rule. Aggravated battery may be a permissive lesser included offense of attempted second degree murder depending upon the allegations in the information. Here, the information did not allege that Lane intentionally or knowingly caused great bodily harm or permanent disability to the victim. Therefore, as Lane argues, aggravated battery should not have been charged as a lesser included offense.
In this case, defense counsel did not request the charge or rely on it during *454 closing argument. Both attempted second degree murder[2] and aggravated battery[3] are second degree felonies. Neither Ray exception applies in this case; failure to properly object does not preclude relief from the aggravated battery conviction. Ray, 403 So.2d at 961.
We therefore reverse the conviction and sentence for aggravated battery. On remand, the state may file a new or amended information charging appellant with aggravated battery if it so elects. See K.H. v. State, 763 So.2d 1187, 1188 n. 1 (Fla. 4th DCA 2000).
Lane urges us to decide this case based on Levesque v. State, 778 So.2d 1049 (Fla. 4th DCA 2001). However, we conclude that Levesque was wrongly decided, in that it conflicts with Ray and an earlier en banc opinion of this court, Tolbert v. State, 679 So.2d 816 (Fla. 4th DCA 1996).
The defendant in Levesque was charged with second degree murder. He was convicted of aggravated battery. 778 So.2d at 1050. For the first time on appeal, the defendant argued that it was error to give the aggravated battery jury instruction because the information did not contain all the elements of the lesser offense. In spite of the preservation problem, Levesque found no waiver, based on the broad statement that "it is fundamental error for a person to be convicted of an offense not charged in the information." Id. at 1051. For this proposition, Levesque cited to K.H. Levesque ignored the language in K.H. which acknowledges the rule of Ray, quoted above.
Levesque fell within the Ray rule. Aggravated battery was "lesser in degree and penalty" than the main offense of second degree murder. Ray, 403 So.2d at 960. The defendant's failure to properly object at trial should have been fatal to his argument in Levesque. It was not.
Levesque also conflicts with Tolbert. In that case, Tolbert was charged with five counts of sexual battery using actual force likely to cause serious personal injury. See § 794.011(3), Fla. Stat. (2000). At the charge conference, the defense stated that "it did not want the jury to be instructed on any lesser included offenses." Tolbert, 679 So.2d at 817. As to each count of sexual battery, the court permitted a lesser included offense of aggravated battery. Id. The defendant was convicted of five counts of aggravated battery.
Aggravated battery was a permissive lesser included offense of the type of sexual battery charged in Tolbert. However, not all the elements of aggravated battery were alleged in the charging information. Tolbert argued that he could not be convicted of the batteries, citing the rule that a defendant may not be convicted of a permissive lesser included offense where the information is silent as to an essential element of that offense. Id. at 818.
We held that Tolbert had failed to preserve this argument for appellate review, by failing to raise it at trial. His general objection was insufficient. We wrote:
that this issue was not preserved for appeal because appellant's general objections to instructions on any lesser included offenses did not apprise the trial court of the ground now relied upon by appellant, i.e., that an element of aggravated battery was not alleged in the information. It is well settled that in order to preserve an issue for appellate review, the specific legal ground or argument relied upon for appeal must *455 have been presented to the trial court. In the instant case, it is reasonable that the trial court might have believed appellant's general objections were based on a lack of evidence as to any lesser included offenses.
Id. (citation omitted). Tolbert was consistent with Ray because aggravated battery, a second degree felony, is lesser in degree and penalty, than the type of sexual batteries charged, all life felonies. See § 794.011(3), Fla. Stat. (2000).
Levesque cited to neither Ray nor Tolbert. It conflicts with both of them. It is not necessary to en banc this case to formally recede from Levesque, because Ray,[4] a Florida supreme court case, controls. See Corporate Sec. Group v. Lind, 753 So.2d 151, 153 (Fla. 4th DCA 2000). Levesque is merely a rogue case, one decided contrary to controlling precedent which is not mentioned in the opinion.
GUNTHER and KLEIN, JJ., concur.
NOTES
[1] At the time Ray was decided, lesser included offenses were analyzed under the framework of Brown v. State, 206 So.2d 377 (Fla. 1968). A "category 4" lesser included offense under Brown, is similar to a permissive lesser included offense in today's terminology. In Matter of Use by Trial Courts of Standard Jury Instructions, 431 So.2d 594 (Fla.1981), the Florida Supreme Court consolidated the four categories of offenses it had previously delineated in Brown, i.e., (1) crimes divisible into degrees; (2) attempts to commit offenses; (3) offenses necessarily included in the offense charged; and (4) offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence. Id. at 596.
[2] Second degree murder is a first degree felony. See § 782.04(2), Fla. Stat. (2000). An attempt to commit that crime reduces it to a second degree felony. See § 777.04(4)(c), Fla. Stat. (2000).
[3] See § 784.045(2), Fla. Stat. (2000) (stating that aggravated battery is a "felony of the second degree").
[4] We note that the supreme court has granted review in a case that certified conflict with Levesque. See Nesbitt v. State, 819 So.2d 993, 994 (Fla. 5th DCA 2002), review granted, 837 So.2d 411 (Fla.2003).