861 So.2d 1278 (2003)
Silvio Andres PADILLA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-1498.
District Court of Appeal of Florida, Third District.
December 24, 2003.
Bennett H. Brummer, Public Defender, and Valerie Jonas, Assistant Public Defender, for appellant.
Charles J. Crist, Jr., Attorney General, and Frank J. Ingrassia, Assistant Attorney General, for appellee.
Before COPE, GODERICH and SHEPHERD, JJ.
PER CURIAM.
Silvio Andres Padilla appeals an order denying his motion for postconviction relief *1279 under Florida Rule of Criminal Procedure 3.850. We remand for further proceedings.
The trial court denied the instant motion as being successive. We conclude that the court misapprehended the state of the record. It is true that defendantappellant Padilla had filed a previous pro se motion entitled "Amendment Information Pro-Se (Motion)." Because this pro se motion was filed after conviction but prior to sentencing, it would be properly viewed either as a pro se motion for new trial or a premature motion for postconviction relief. See Daniels v. State, 712 So.2d 765 (Fla.1998). Thus, we respectfully disagree with the trial court's conclusion that the instant motion was impermissibly successive. We therefore remand for further proceedings.
On remand, the defendant is entitled to an evidentiary hearing on his claim that the aunt of the victim, Urania Alvarado, was a witness whose testimony would have exculpated the defendant. The defendant claims that he was at all times within the sight of Ms. Alvarado who would testify that the incident of sexual battery on the minor victim did not take place. We express no view on the merits of this claim, but say only that the defendant is entitled to an evidentiary hearing on it.
The defense concedes that the double jeopardy claims are without merit and need not be considered on remand.
Regarding the defendant's remaining claims, the trial court may again deny the motion summarily if the record conclusively refutes the defendant's claims, or alternatively must conduct a hearing. See Lasprilla v. State, 857 So.2d 1011 (Fla. 3d DCA 2003).
Reversed and remanded for further proceedings consistent herewith.