881 So.2d 1183 (2004)
David A. WHYTE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-2440.
District Court of Appeal of Florida, Fifth District.
August 27, 2004.
James B. Gibson, Public Defender, and Christopher S. Quarles, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Rebecca Roark Wall, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, J.
After shooting his wife in the arm, David Whyte was arrested and charged with attempted second degree murder with a firearm (Count I) and aggravated battery with a firearm (Count II). Both charges arose from the same episode involving a single gunshot. At trial, the court instructed the jury on the crime of aggravated battery with a firearm as a lesser included offense of the attempted second degree murder charge. No objection was made by the defense. The jury found Whyte guilty of aggravated battery with a firearm, as a lesser included offense of attempted second degree murder in count I, and aggravated battery with a firearm as to count II. In consultation with the parties, the trial court then concluded that Whyte could only be convicted of one count of aggravated battery, and sentenced Whyte on count I, aggravated battery with a firearm as a lesser offense of attempted second degree murder. The trial court vacated Whyte's *1184 conviction for aggravated battery with a firearm on count II. On appeal, Whyte asserts that on the facts of this case, aggravated battery with a firearm is not a lesser included offense of attempted second degree murder, and, thus, he was improperly convicted of a crime for which he was not charged.
As to the attempted second degree murder charge, the information read:
[The State Attorney charges] that [Whyte] did unlawfully, by an act imminently dangerous to another, and evincing a depraved mind, regardless of human life, although without any premeditated design to effect the death of any particular individual, attempt to kill and murder, a human being, by pointing a firearm in Lorene Whyte's direction and firing, and in the course thereof, DAVID ALEXANDER WHYTE did discharge said firearm, in violation of Florida Statute 782.04(2), 777.04(1), 775.087(1) and 775.087(2)(a)(2).
(emphasis added).
Generally, a jury instruction cannot be given on a permissive lesser included offense unless both the accusatory pleading and the evidence support the commission of that offense. State v. Von Deck, 607 So.2d 1388, 1389 (Fla.1992). While aggravated battery may be a permissive lesser included offense of attempted second degree murder depending on the allegations in the information, here, the information as to count I, did not allege that Whyte intentionally or knowingly caused great bodily harm or permanent disability to the victim, as is required to prove aggravated battery. See Lane v. State, 861 So.2d 451, 453 (Fla. 4th DCA 2003). Therefore, as Whyte argues, the jury should not have been instructed on aggravated battery as a lesser included offense of attempted second degree murder.
However, Whyte candidly concedes on appeal that his trial counsel did not object to the jury instructions or the verdict form. As a result, the error is not preserved for appellate review. See James v. State, 845 So.2d 996 (Fla. 5th DCA 2003) (holding that jury instruction errors of this type are not fundamental and cannot be raised for the first time on appeal); see also Ray v. State, 403 So.2d 956 (Fla.1981). Whyte urges us to reject our precedent and instead hold that an error such as the one presented here is fundamental and can be raised for the first time on appeal. We decline to do so. Our conclusion to reject Whyte's argument is premised in part on our opinion in James, and in part on the fact that Whyte's jury clearly intended that he be convicted of aggravated battery with a firearm. The problem arose only when the trial court erroneously vacated Whyte's conviction as to count II, rather than recognizing the pleading defect in count I.
The error presented here is clearly harmless. To promote judicial economy and so as to avoid further consideration of the issue in a postconviction proceeding, we reverse the conviction as to count I and remand the matter with directions that the conviction as to count II be reinstated. Because the offenses and penalties are the same, resentencing is unnecessary. However, the trial court shall enter a corrected sentencing order, indicating that Whyte's conviction is for count II rather than count I.
AFFIRMED IN PART; REVERSED IN PART; REMANDED WITH DIRECTIONS.
PETERSON and TORPY, JJ., concur.