884 So.2d 328 (2004)
Jeffery POPE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-5583.
District Court of Appeal of Florida, Second District.
September 10, 2004.
Rehearing Denied November 9, 2004.
*329 James Marion Moorman, Public Defender, and Richard P. Albertine Jr., Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
CANADY, Judge.
Jeffery Pope appeals his conviction and sentence for a violation of section 790.235, Florida Statutes (2000), which makes it unlawful for a person who meets the criteria for violent career criminal sentencing to possess a firearm. We affirm his conviction without comment. However, we reverse his thirty-five-year sentence because it was not authorized by law.
A violation of section 790.235 is a first-degree felonya level of offense ordinarily punishable by up to thirty years in prison. See § 775.082(3)(b), Fla. Stat. (2000). Pope was also subject to a fifteen-year minimum mandatory sentence for this offense. See § 790.235(1). Because Pope met the criteria for violent career criminal sentencing under section 775.084(1)(d), the provisions of section 775.084(4)(d)(1) applied, requiring that a life sentence be imposed unless, pursuant to section 775.084(4)(e), the trial court found that the imposition of a violent career criminal sentence was "not necessary for the protection of the public." If the trial court made such a finding, then "sentence [should have been] imposed without regard to [section 775.084]." § 775.084(4)(e).
In sum, the trial court was required to impose a life sentence unless it found that violent career criminal sentencing was not necessary for the protection of the public. If it found that violent career criminal sentencing was not necessary for the protection of the public, the trial court would have the discretion to impose a sentence of up to thirty years with a minimum mandatory sentence of fifteen years' imprisonment. Pope's thirty-five-year sentence did not fall within these parameters.
At the sentencing hearing, the trial court indicated that it was aware that it was departing from the statutory sentencing requirements. The court stated that it believed that Pope was presently a threat *330 to the community, although it suggested that that would most likely not be the case at the end of his sentence. The court also indicated that it would be disproportionate to impose a life sentence for Pope's offense. When pressed by the State for an explicit finding that a violent career criminal sentence was not necessary for the protection of the public, the court declined to answer the question. The trial court invoked the procedure under section 775.084(3)(c)(5), which requires that the trial court make a record setting forth reasons for its decision not to impose the violent career criminal sentence when it declines to impose such a sentence. But the record shows that the trial court failed to make the finding that the imposition of a violent career sentence was "not necessary for the protection of the public."
On appeal, both the State and Pope argue that the sentence was improper and should be modified. The State contends that Pope should be given a life sentence. Pope argues that his case should be remanded for resentencing to a term of thirty years or less.
The State correctly points out that the trial court was required to impose a life sentence on Pope unless it found that that sentence was not necessary for the protection of the public. The State failed, however, to file a cross-appeal in this case. Although the issue of the trial court's failure to impose a life sentence was preserved in the trial court with an appropriate objection, the State has failed to properly present this issue to this court for appellate review. See Guerra v. State, 546 So.2d 133, 134 (Fla. 4th DCA 1989) (holding that State waived sentencing issue by failing to file a cross-appeal). The disposition for which the State argues imposition of a life sentenceis therefore not now available. The State's failure to file a cross-appeal has foreclosed that option. Pope correctly argues that the thirty-five-year sentence imposed by the trial court was not available as a sentencing option under any applicable provision of law. We therefore vacate Pope's sentence and remand for a sentence not exceeding thirty years with a minimum sentence of fifteen years' incarceration.
Conviction affirmed, sentence vacated, and case remanded for resentencing.
KELLY, J., and THREADGILL, EDWARD F., Senior Judge, Concur.