889 So.2d 801 (2004)
Ronald NESBITT, Petitioner,
v.
STATE of Florida, Respondent.
No. SC02-1723.
Supreme Court of Florida.
December 9, 2004.
James B. Gibson, Public Defender and Rosemarie Farrell, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, FL, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, FL; Allison Leigh Morris and Kellie A. Nielan, Assistant Attorneys General, Daytona Beach, FL, for Respondent.
QUINCE, J.
We have for review the decision in Nesbitt v. State, 819 So.2d 993 (Fla. 5th DCA 2002), which certified conflict with the decisions in Levesque v. State, 778 So.2d 1049 (Fla. 4th DCA 2001), and Mateo v. State, 757 So.2d 1229 (Fla. 2d DCA 2000).[1] We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons stated below, we approve the decision of the Fifth District.

*802 FACTS
During an argument with is wife, Ronald Nesbitt (Nesbitt) got his stun gun and repeatedly stunned her, causing welts and blisters. At one point, Nesbitt placed a pillow over his wife's face. Mrs. Nesbitt escaped to a neighbor's house and called the police. See Nesbitt v. State, 819 So.2d 993, 994 (Fla. 5th DCA 2002). Nesbitt was charged by information with attempted second-degree murder with a weapon and aggravated battery with a deadly weapon. He was convicted of battery and aggravated assault by use of a deadly weapon.[2]
Nesbitt appealed his convictions. He argued that the jury was erroneously instructed on the crime of aggravated assault because that crime requires a finding that a "deadly" weapon was used, and the information alleged only that a "weapon" was used. The Fifth District Court of Appeal agreed that the jury instruction was erroneous; however, because defense counsel failed to object to the jury instruction, the court held that the issue had been waived. The Fifth District's decision conflicts with Levesque, which holds that a conviction for a lesser offense not sufficiently charged in the charging document is fundamental error and need not be preserved for appeal. See, e.g., Levesque v. State, 778 So.2d 1049 (Fla. 4th DCA 2001); Mateo v. State, 757 So.2d 1229 (Fla. 2d DCA 2000). The Fifth District distinguished Levesque because it involved a bench trial, not a jury trial, and the defendant did not have an opportunity to object to the trier of fact's consideration of inappropriate lesser offenses.

LAW AND ANALYSIS
The Fourth District Court of Appeal hasheld that the mens rea element of a specific intent crime must be alleged in the charging document. Specifically, the Fourth District has held that the failure to allege the element of "intentionally or knowingly caused great bodily harm" in the charging document for a charge of second-degree murder prevents the jury from finding the lesser offense of aggravated battery. See Levesque, 778 So.2d at 1049. "Intentionally or knowingly caused great bodily harm" is not an element of second-degree murder, a general intent crime, but it is an element of aggravated battery, a specific intent crime. Because aggravated battery is a specific intent crime, the Fourth District required that the mens rea element of "intentionally or knowingly caused great bodily harm" be alleged in the charging document. That element was not charged; therefore, the Fourth District reversed the conviction, finding that "it is fundamental error for a person to be convicted of an offense not charged in the information." Id. at 1051.
Levesque is representative of other cases holding that a charging document must contain every element of a lesser included offense in order to convict a defendant of that lesser included offense, and failure to charge an element of the lesser offense constitutes fundamental error. The district court in Levesque did not, however, discuss this Court's opinion in Ray v. State, 403 So.2d 956 (Fla.1981), or Florida Rule of Criminal Procedure 3.390(d).
This Court has held that the fundamental error doctrine should be applied "only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application." Ray, 403 So.2d at 960. In Ray this Court observed that in most cases where the district courts affirm a *803 conviction of a lesser offense, defense counsel's "failure to object has been coupled with affirmative acts either seeking or acquiescing in the erroneous instructions." Id. at 961. Thus, "it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action." Id. (footnote omitted). Other district courts have followed Ray in holding that when a trial court erroneously instructs the jury on a permissible lesser included offense, the error is not fundamental and a contemporaneous objection is necessary to preserve the error for review. See, e.g., Herise v. State, 763 So.2d 393 (Fla. 3d DCA 2000); Tolbert v. State, 679 So.2d 816 (Fla. 4th DCA 1996).
Moreover, Florida Rule of Criminal Procedure 3.390(d) makes it clear that a party must object to the giving or the failure to give a jury instruction in order to preserve that issue for appellate review. Rule 3.390(d) provides:
(d) Objections. No party may raise on appeal the giving or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection. Opportunity shall be given to make the objection out of the presence of the jury.
See, e.g., State v. Smith, 240 So.2d 807 (Fla.1970); Benton v. State, 650 So.2d 688 (Fla. 1st DCA 1995).
In this case, the trial court proposed the jury instructions and both the prosecutor and defense counsel agreed to them. Defense counsel had the opportunity to object and did not do so. Therefore, in accord with the test set forth in Ray, we next determine if: (1) the improperly charged offense is lesser in degree and penalty than the main offense, or (2) defense counsel requested the improper charge or relied on it. If either situation exists, then the error is not fundamental. See Ray, 403 So.2d at 961.
The conviction of aggravated assault meets the first alternative. Nesbitt was charged with attempted second-degree murder with a weapon, but convicted of aggravated assault. Attempted second-degree murder with a weapon is a first-degree felony punishable by up to thirty years in prison. See §§ 775.082(3)(b), 777.04(1), 782.04(2), Fla. Stat. (2002). Aggravated assault is a third-degree felony punishable by up to five years in prison. See §§ 775.082(3)(d), 784.021(2), Fla. Stat. (2002). In this case, defense counsel did not object to the instruction given on aggravated assault, and aggravated assault is lesser in degree and lesser in penalty to the charged offense, attempted second-degree murder with a weapon.
Thus, in accord with this Court's decision in Ray, the error is not fundamental.[3] We therefore approve the Fifth District's decision in this case and disapprove Levesque to the extent that it is inconsistent with this opinion.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, CANTERO, and BELL, JJ., concur.
NOTES
[1] We limit our discussion to the certified conflict with Levesque because the Second District Court of Appeal has receded from its decision in Mateo v. State, 757 So.2d 1229 (Fla. 2d DCA 2000). See Chambers v. State, 880 So.2d 696 (Fla. 2d DCA 2004).
[2] "An `aggravated assault' is an assault: (a) [w]ith a deadly weapon without intent to kill; or (b) [w]ith an intent to commit a felony." See § 784.021, Fla. Stat. (2002).
[3] We do not address the other claims raised by the parties; however, our decision is without prejudice to the petitioner to pursue postconviction proceedings for any ineffective assistance of counsel claim that may exist.