905 So.2d 217 (2005)
Silvio Andres PADILLA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-424.
District Court of Appeal of Florida, Third District.
May 11, 2005.
*218 Silvio Andres Padilla, in proper person.
Charles J. Crist, Jr., Attorney General, and Robin F. Hazel, Assistant Attorney General, for appellee.
Before CORTIÑAS and ROTHENBERG, JJ., and SCHWARTZ, Senior Judge.
ROTHENBERG, Judge.
The defendant, Silvio Padilla ("Padilla"), was charged in count I with lewd fondling, a second degree felony, and in counts II and III with sexual battery upon a physically helpless victim, which are first degree felonies. On July 1, 1999, Padilla was convicted of lewd fondling in count I and was convicted in counts II and III, to the reduced charges of sexual battery, second degree felonies. He was subsequently sentenced pursuant to the guidelines to 28.3 years on each count, to run concurrent with each other. The judgment and sentences were affirmed on direct appeal.
This appeal is based upon a motion to correct illegal sentence filed by the defendant on December 14, 2004, which was brought on double jeopardy grounds. On January 13, 2005, the trial court denied the defendant's motion, but in its order, reduced the sentence in count I from 28.3 years to 15 years.
Padilla claims that the trial judge erred in denying his motion on the double jeopardy claim raised, and the State argues that the trial judge properly denied the motion based upon the stated claim, but erred in reducing the sentence imposed in count I. We agree that the defendant is collaterally estopped from raising the double jeopardy claim he raised below, and therefore affirm the trial court's denial of his motion on that ground. The resentencing issue will be discussed later in this opinion.
On August 13, 2001, Padilla filed a petition for writ of habeas corpus, wherein he raised the double jeopardy claim raised herein. This court denied the petition on October 19, 2001, and subsequently denied a motion for rehearing. On January 11, 2002, Padilla filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which was denied by the trial court on May 29, 2002. This court, however, reversed the trial court's order, finding that the motion and findings were premature as the defendant had not yet been sentenced. On March 10, 2004, Padilla filed a second 3.850 motion, which included the same claims made in the previous motion and several additional ones. On August 4, 2004, the trial court denied that motion, and this court affirmed on October 20, 2004. On or about November 24, 2004, Padilla filed a second petition for writ of habeas corpus, which was denied on January 4, 2005. The defendant has appealed and that appeal is pending in a separate appeal. See Padilla v. State, No. 3D05-111 (Fla. 3d DCA filed Feb. 24, 2005).
On December 14, 2004, the defendant filed the instant motion to correct an illegal sentence pursuant to Fla. R.Crim. P. *219 3.800(a) which was denied on January 13, 2005. Rehearing on that motion was denied on February 23, 2005.
The doctrine of collateral estoppel bars a litigant from raising an issue previously raised in an extraordinary writ petition if it is clear that "the issue was considered by the court on the merits and relief was denied." Topps v. State, 865 So.2d 1253, 1258 (Fla.2004). As this court has already reviewed the defendant's double jeopardy claims and has found them to be without merit, the defendant's claims herein are barred by collateral estoppel. Additionally, we note that when the defendant raised his double jeopardy claims in his January 11, 2002 Rule 3.850 motion, his attorney conceded that the defendant's double jeopardy claims were without merit. See Padilla v. State, 861 So.2d 1278, 1279 (Fla. 3d DCA 2003). We therefore affirm the trial court's order denying the defendant's motion to correct illegal sentence on the grounds raised in his December 14, 2004 motion to correct illegal sentence.
In denying the defendant's motion on the grounds raised, the trial court, however, erred in reducing the sentence in count I from 28.3 years to 15 years. As stated earlier, the defendant was convicted of lewd fondling, a second degree felony, in count I. Pursuant to the sentencing scheme in effect at the time the defendant's crimes were committed, if the recommended sentence under the guidelines exceeded the statutory maximum, the guidelines sentence must be imposed. § 921.001(5), Fla. Stat. (1997); Escutary v. State, 753 So.2d 650, 651 (Fla. 3d DCA 2000)(for crimes committed after January 1, 1994, if the recommended sentence under the guidelines exceeds the statutory maximum, the guidelines must be imposed); see also, Mays v. State, 717 So.2d 515 (Fla.1998); Lubin v. State, 758 So.2d 747 (Fla. 3d DCA 2000). Therefore, while the statutory maximum for each count was 15 years (all three counts were second degree felonies), the recommended sentence under the guidelines was 28.3 years, which pursuant to the statute, required that a sentence of 28.3 years be imposed as to each count.
The trial court which sentenced the defendant in 1999, clearly understood the sentencing scheme in effect at the time and correctly sentenced the defendant, pursuant to the guidelines, to the statutorily mandated 28.3 years on each count despite the fact that each conviction was for a second degree felony with a statutory maximum of 15 years. When the defendant filed the instant motion, the judge currently sitting in the division incorrectly identified the defendant's convictions in counts II and III as first degree felonies and erred in concluding that the sentence for a second degree felony could not exceed 15 years, and reduced the sentence in count I, believing it was the only second degree felony and that it was mandated to do so.
While the reduction of the sentence in count I to 15 years was clearly error, since the state did not appeal the sentence as modified, or file a cross appeal when the defendant appealed the trial court's order wherein it denied his motion to correct his sentence based upon the double jeopardy claim but reduced the sentence in count I, we conclude that the issue is not properly before us.[1]
We agree with the defendant, however, that the trial court erred in its January 13, 2005 order denying his motion to correct *220 an illegal sentence by classifying counts II and III as first degree felonies, when in fact they were reduced during trial to second degree felonies. We therefore remand with instructions to correctly identify counts II and III as second degree felonies, and as previously stated, the sentences imposed (28.3 years) as to each of those counts were not only proper, but mandated by law.
Affirmed in part, reversed and remanded in part.
NOTES
[1] The state raised the issue in its response to the defendant's appeal, but failed to file either a direct appeal or a cross appeal when the defendant filed this appeal.