MAY, J.
 

 The defendant appeals an order denying his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. To prevent manifest injustice, we treat this appeal as a petition for writ of habeas corpus and grant a belated direct appeal on a limited issue.
 
 See Lago v. State,
 
 975 So.2d 613 (Fla. 3d DCA 2008) (treating appeal as petition for habeas corpus and granting relief in order to correct a manifest injustice).
 
 [1]
 

 The State charged the defendant with attempted second degree murder with a firearm for a fight that resulted in a shooting. The defendant claimed that he did not possess a gun and that the victim accidentally shot himself during the fight. At trial, the defendant objected to the State’s request for instructions on the permissive lesser included offenses, particularly, the aggravated battery instruction. The defense argued that the Information failed to allege all the essential elements, notably that the defendant “intentionally and knowingly” inflicted great bodily harm. The trial court overruled the objection and read the instruction on aggravated battery because the Information alleged that the defendant discharged a firearm and inflicted great bodily harm.
 

 The jury found the defendant not guilty of attempted second degree murder with a firearm, but found him guilty of aggravated battery. The jury specifically found that the defendant did NOT possess, use, or discharge a firearm in its answer to a special interrogatory. After hearing argument, the trial court found that the only theory of aggravated battery of which the defendant could have been guilty was through the use of a deadly weapon, to wit: the firearm. Because the jury specifically found the defendant did not have a firearm, the trial court granted the defense
 
 *197
 
 motion for judgment of acquittal on the aggravated battery charge and entered a conviction for simple battery. The court sentenced the defendant to B64 days in jail. The State appealed.
 

 In the State’s direct appeal, we concluded that the trial court had erred in granting the judgment of acquittal due to an inconsistency in the verdict “because the jury was lawfully exercising its pardon power.”
 
 State v. Carswell,
 
 914 So.2d 9, 11 (Fla. 4th DCA 2005). We specifically declined to address the defendant’s argument that the jury could not have relied on the theory of aggravated battery for intentionally and knowingly causing great bodily harm because the Information did not allege that essential element. We did so under the mistaken belief that the defendant had to timely file a notice of cross-appeal, which he had not done.
 
 [2]
 

 Id.
 
 at 12 (citing Fla. R.App. P. 9.110(g));
 
 A-1 Racing Specialties, Inc. v. K & S Imports of Broward County, Inc.,
 
 576 So.2d 421, 422 (Fla. 4th DCA 1991)). We then reversed and remanded the case for reinstatement of the conviction for aggravated battery, and imposition of sentence. Our opinion advised that the reversal was without prejudice to the defendant filing an ineffective assistance of appellate counsel claim.
 

 On remand, the trial court reinstated the conviction and sentenced the defendant to fifteen years incarceration. The defendant appealed the new sentence, which we affirmed.
 
 See Carswell v. State,
 
 947 So.2d 692 (Fla. 4th DCA 2007).
 

 The defendant then filed a petition arguing that appellate counsel was deficient in failing to file a notice of cross-appeal. We denied the petition finding no deficiency in counsel’s performance because the notice of cross-appeal was not jurisdictional and unnecessary to allow the defendant to make his argument in response to the State’s appeal.
 
 Carswell v. State,
 
 4D06-212 (Fla. 4th DCA Oct. 16, 2006).
 
 See Lopez v. State,
 
 638 So.2d 931, 932 (Fla. 1994). Next, the defendant filed a Rule 3.800 motion alleging trial counsel was ineffective in failing to file the notice of cross-appeal. The trial court denied the motion. We re-designated the motion as an appeal from a Rule 3.850 summary denial. Again we affirmed because the error was not of defense counsel’s making, but rather our own.
 
 Carswell v. State,
 
 962 So.2d 915 (Fla. 4th DCA 2007). The defendant then petitioned for a belated appeal, which we denied.
 
 Carswell v. State,
 
 4D07-5043 (Fla. 4th DCA Feb. 15, 2008).
 

 This brings us to the present appeal. Here, the defendant is appealing the summary denial of his second Rule 3.850 motion. In fairness to the petitioner, and after having received a response from the State, we treat this appeal as a petition for writ of habeas corpus and grant a new limited direct appeal.
 
 [3]
 
 We limit our review to the single argument we previously declined to consider — the trial court properly vacated the conviction for aggravated battery because the court had erred in
 
 *198
 
 giving the instruction on the lesser included offense, which allowed the jury to convict the defendant of a crime for which the essential element of intentionally and knowingly causing great bodily harm was not alleged in the Information.
 
 See Lane v. State,
 
 861 So.2d 451 (Fla. 4th DCA 2003).
 
 [4]
 

 “[D]ue process prohibits a defendant from being convicted of a crime not charged in the information or indictment.”
 
 Crain v. State,
 
 894 So.2d 59, 69 (Fla.2004);
 
 see also N.H.M. v. State,
 
 974 So.2d 484, 485-86 (Fla. 2d DCA 2008) (citing
 
 Jaramillo v. State,
 
 659 So.2d 1238, 1239 (Fla. 2d DCA 1995)). Defense counsel properly objected to the jury instruction on the aggravated battery charge because the Information failed to allege the “intentional and knowing” infliction of great bodily harm. It was error for the trial court to have given the charge as the trial court properly recognized.
 
 See Lane v. State,
 
 861 So.2d 451 (Fla. 4th DCA 2003). Yet, the defendant’s request for a new trial on the simple battery charge in his answer brief led this court astray from the true issue. Instead of relying on this argument solely to defend the State’s appeal, the defendant requested affirmative relief — -relief that required the filing of a notice of cross-appeal.
 
 See, e.g., Padilla v. State,
 
 905 So.2d 217, 219 (Fla. 3d DCA 2005);
 
 see also Pope v. State,
 
 884 So.2d 328, 330 (Fla. 2d DCA 2004);
 
 Guerra v. State,
 
 546 So.2d 133 (Fla. 4th DCA 1989).
 

 We now hold that the trial court was correct to have entered the judgment of acquittal on the aggravated battery charge. This does not end the inquiry, however. A new trial may be required if the trial court erred in instructing the jury on an uncharged, alternate theory of aggravated battery.
 
 See, e.g., Sanders v. State,
 
 959 So.2d 1232, 1234 (Fla. 2d DCA 2007);
 
 see also Negron v. State,
 
 938 So.2d 650, 652 (Fla. 4th DCA 2006);
 
 K.H. v. State,
 
 763 So.2d 1187, 1188 n. 1 (Fla. 4th DCA 2000). Yet,
 
 Sanders, Negron,
 
 and
 
 K.H.
 
 all resulted from the defendant appealing a conviction and arguing the error in the jury instructions leading to a conviction. In that instance, the proper remedy is a new trial for the defendant. When the State appeals a judgment of acquittal, however, the protection against double jeopardy prevents the retrial of the defendant on the aggravated battery charge.
 
 See Ramos v. State,
 
 457 So.2d 492, 494 (Fla. 3d DCA 1984);
 
 Watson v. State,
 
 410 So.2d 207, 208-09 (Fla. 1st DCA 1982).
 

 Under the unique facts of this case, because the defendant preserved and raised the jury instruction issue on appeal, and we specifically refused to consider the argument, we grant extraordinary relief. In the extremely unusual circumstances presented in this case, the only appropriate remedy is to vacate the aggravated battery conviction and sentence and reinstate the battery conviction, which should be conducted expeditiously.
 

 We therefore reverse and remand the case for proceedings consistent with this opinion.
 

 POLEN and DAMOORGIAN, JJ., concur.
 

 [1]
 

 .
 
 See also Johnson v. State,
 
 9 So.3d 640, 642 (Fla. 4th DCA 2009) (granting habeas corpus to correct a fundamental sentencing error although relief had previously been denied on numerous occasions);
 
 Ross v. State,
 
 901 So.2d 252, 254 (Fla. 4th DCA 2005) (granting habeas corpus, even though an issue had been repeatedly raised and rejected, to correct manifest injustice where defendant did not receive the benefit of the same law as similarly-situated defendants).
 

 [2]
 

 . The notice of cross-appeal was needed for the defendant to obtain the requested affirmative relief of a new trial on the battery charge. However, a notice of cross-appeal was unnecessary to allow us to consider the argument in defense of the State’s appeal.
 

 [3]
 

 . The Florida Supreme Court has repeatedly held that procedural bars, such as the law of the case doctrine, must give way
 
 “where reliance on the prior decision would result in manifest injustice.” State v. Sigler,
 
 967 So.2d 835, 840 (Fla.2007) (emphasis added) (citing
 
 Henry v. State,
 
 649 So.2d 1361, 1364 (Fla.1994)
 
 (citing Preston v. State,
 
 444 So.2d 939, 942 (Fla.1984));
 
 Greene v. Massey,
 
 384 So.2d 24, 28 (Fla.1980);
 
 Steele v. Pendarvis Chevrolet, Inc.,
 
 220 So.2d 372, 376 (Fla.1969));
 
 see Strazzulla v. Hendrick,
 
 177 So.2d 1, 4 (Fla.1965).
 

 [4]
 

 . Because this issue has been briefed by both sides numerous times, we see no need to ask for additional briefs.