CLARK, J.,
dissenting.
I would affirm the appellant’s conviction because this case is distinguishable from State v. Montgomery, 39 So.3d 252 (Fla.2010) and so does not present fundamental error. While the Florida Supreme Court held that the trial court’s use of the standard jury instruction for the lesser-included offense of manslaughter constituted fundamental error in that case, the Montgomery opinion did not prohibit, or even *945 discourage, case-by-case analysis for fundamental error where convictions are challenged on the basis of an erroneous jury instruction for a lesser included offense. Fundamental error is a rare exception to the contemporaneous objection requirement for jury instructions. Fla.R.Crim.P. 3.890(d). This court’s discretion concerning fundamental error is to be exercised “very guardedly” and “only in rare cases.” Fike v. State, 4 So.3d 734, 739 (Fla. 5th DCA 2009). The Florida Supreme Court has not receded from the long-standing definition of fundamental error as “error that reaches down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error.” Anderson v. State, 841 So.2d 390, 403 (Fla.2003).
In the case before us, the defendant not only agreed at the charging conference to the use of the standard instruction, but counsel took the additional affirmative step of reading the instruction into his closing argument. Thus, counsel used the instruction as part of his defense strategy in seeking an acquittal for his client, but now complains that the trial court’s reading of this instruction was fundamental error. Under these facts, the instruction was erroneous, but was not fundamental error. See Nesbitt v. State, 889 So.2d 801 (Fla.2004); Ray v. State, 403 So.2d 956 (Fla.1981).
In both Ray and Nesbitt, the convictions for erroneously instructed lesser included offenses were not obtained via any fundamental error in the trial court’s instruction to the jury. It follows that error in an instruction for a lesser included offense for which the defendant is not convicted is even less fundamental an error. If the jury finds that the elements of the main offense were not proved, and that the (erroneously described) elements of a lesser included offense were also not proved, the jury’s authority to find a defendant “not guilty’ is still fully in force. Even if a defendant is deprived of the dubious opportunity to be found guilty of the lesser included offense, the jury retains the power to find the defendant not guilty of the charges.
Counsel should not be encouraged to agree to a standard instruction at trial, even if such instruction was questionable, in order to preserve the opportunity to later assert fundamental error on appeal. See Calloway v. State, 37 So.3d 891 (Fla. 1st DCA 2010). Encouragement of such tactics is clearly not the purpose of the fundamental error exception, which is to be applied “only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application.” Nesbitt v. State, 889 So.2d at 803.