# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D20-762
_____

HENRY JAMES WASHINGTON,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____


On appeal from the Circuit Court for Leon County.
Robert E. Long, Judge.


September 29, 2021


PER CURIAM.

Henry James Washington appeals the judgment and sentence entered after a jury found him guilty of sexual battery on a victim twelve years of age or older but younger than eighteen years of age. We affirm Washington's conviction of sexual battery on a victim twelve years of age or older but younger than eighteen years of age, but we reverse Washington's sentence.

I.

The State charged Washington in February 2018, with capital sexual battery on a victim less than twelve years of age. That initial information alleged that Washington committed the offense between January 1, 2012, and December 31, 2014. The day before

trial began in January 2020, the State filed an amended information alleging the offense occurred between January 1, 2011, and August 15, 2014. It is undisputed that the victim turned twelve years old on August 16, 2014. Given this, the narrower date range in the amended information fell entirely before the victim turned twelve. At trial, however, the evidence did not establish the exact date the offense occurred. The victim testified that the offense occurred when she was in sixth grade, but she could not confirm whether she was eleven or twelve years old when it happened.

The trial court instructed the jury on capital sexual battery and, as a lesser included offense, sexual battery on a victim twelve years of age or older but younger than eighteen years of age. The jury found Washington guilty of this lesser included offense. Ultimately, the trial court sentenced Washington to twenty years in prison.

Washington's counsel filed an *Anders*[1] brief. Following this Court's review of the record, as required by *Anders*, *Causey*[2], and Florida Rule of Appellate Procedure 9.140(g)(2)(A), we directed the parties to brief two issues: (1) whether the trial court committed reversible error by entering a judgment and sentence for a first-degree felony conviction under section 794.011(5), Florida Statutes, when the version of the statute in effect at the time of the offense classified the felony as second-degree, and (2) whether the trial court committed reversible error by permitting sexual battery defined by section 794.011(5)(a), Florida Statutes, to be added as a lesser included offense of capital sexual battery, defined by section 794.011(2)(a), Florida Statutes. As explained below, reversal is required under the first issue, but not the second.

II.

The State properly concedes error on the first issue. It is firmly established law that the statutes in effect at the time of

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] *State v. Causey*, 503 So. 2d 321 (Fla. 1987).

2

commission of a crime control as to the offenses for which the perpetrator can be convicted. *State v. Smith*, 547 So. 2d 613, 616 (Fla. 1989). With limited exceptions, this principle also applies to punishments which may be imposed. *Id.*; *see also* § 775.022(4), Fla. Stat. (2020) ("If . . . punishment for a violation of a criminal statute is reduced by a reenactment or an amendment of a criminal statute, . . . the punishment, if not already imposed, must be imposed according to the statute as amended."). "If retroactive application of a statutory amendment results in additional punishment for a defendant, it violates the ex post facto clause" of the United States and Florida Constitutions. *Leftwich v. Dep't of Corr.*, 148 So. 3d 79, 83 (Fla. 2014); *see also* Art. I, § 10, Fla. Const.; Art. I, § 10, cl. 1, U.S. Const.

The State does not contest that Washington committed the offense outlined in section 794.011(5)(a), Florida Statutes, when the offense was classified as a second-degree felony. *See* § 794.011(5), Fla. Stat. (2013); Ch. 2002-211, § 8, at 7, Laws of Fla. (Below, the State alleged in the amended information that the offense occurred January 1, 2011, and August 15, 2014). However, the trial court treated the offense as a first-degree felony, pursuant to a 2014 amendment to section 794.011(5) that took effect October 1, 2014. *See* § 794.011(5), Fla. Stat. (2014); Ch. 2014-4, §§ 3, 18, at 5, 40, Laws of Fla. The trial court sentenced Washington to twenty years in prison, over the fifteen-year maximum possible sentence for a second-degree felony. *See* § 775.082(3)(c), Fla. Stat. (2013) (current version at § 775.082(3)(d), Fla. Stat. (2020)). This retroactive application of the amendment runs afoul of the ex post facto clause of the state and federal constitutions. Because "[a]n unpreserved error resulting in a sentence in excess of the statutory maximum should be corrected on direct appeal as fundamental error," *Maddox v. State*, 760 So. 2d 89, 101 (Fla. 2000), we reverse and remand to the trial court for resentencing in accordance with section 794.011 at the time the offense was committed.

### III.

Regarding the second issue—instructing the jury on sexual battery upon a victim twelve years of age or older as a lesser included offense of capital sexual battery—we affirm.

3

Because this issue was not raised and preserved in the trial court,[3] we can provide relief only if fundamental error occurred. *See Baker v. State*, 4 So. 3d 758, 760 (Fla. 1st DCA 2009). "An error is 'fundamental' only when it is one that 'goes to the foundation of the case or the merits of the cause of action *and is equivalent to a denial of due process.'" Id.* (quoting *J.B. v. State*, 705 So. 2d 1376, 1378 (Fla. 1998)). Appellate courts have been cautioned to exercise their discretion concerning fundamental error "very guardedly," and appellate courts should apply the fundamental error doctrine "only in the rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application." *Ray v. State*, 403 So. 2d 956, 960 (Fla. 1981); *see also State v. Dortch*, 317 So. 3d 1074, 1081–82 (Fla. 2021) ("[A] defendant has no constitutional due process right to the correction

---

[3] In a recent case (where the issue was preserved), the Florida Supreme Court held that sexual battery of a victim twelve or older is not a necessarily lesser included offense to capital sexual battery. *Allen v. State,* No. SC20-1053, 2021 WL 3927370 (Fla. Sept. 2, 2021). Additionally, we note two things about the amended information in this case. First, it only contemplated a victim under twelve; it did not contemplate a victim twelve or older. Second, it did not allege facts addressing lack of consent, one of the statutory elements of sexual battery upon a person 12 years of age or older. *See* § 794.011(5)(a), Fla. Stat. (2014) ("A person 18 years of age or older who commits sexual battery upon a person 12 years of age or older but younger than 18 years of age, *without that person's consent*, and in the process does not use physical force and violence likely to cause serious personal injury commits a felony of the first degree, . . . ." (emphasis added)). Thus, the facts alleged in the accusatory pleadings were not such that the lesser included offense cannot help but be perpetrated once the greater offense has been. *See Sanders v. State*, 944 So. 2d 203, 206 (Fla. 2006) ("A permissive lesser included offense exists when 'the two offenses appear to be separate [on the face of the statutes], but the facts alleged in the accusatory pleadings are such that the lesser [included] offense cannot help but be perpetrated once the greater offense has been.'" (citation omitted)).

of unpreserved error."); *Knight v. State*, 286 So. 3d 147, 151 (Fla. 2019).

Contrary to Washington's contention, when a trial court erroneously instructs the jury on a lesser included offense, the error is not necessarily fundamental. *See Ray*, 403 So. 2d at 960–61; *see also Nesbitt v. State*, 889 So. 2d 801, 803 (Fla. 2004). This is true even when a defendant is convicted for the erroneously instructed lesser included offense. *See Nesbitt*, 889 So. 2d at 803; *Ray*, 403 So. 2d at 960. The Florida Supreme Court has long held:

> [I]t is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on the charge as evidenced by argument to the jury or other affirmative action.

*Nesbitt*, 889 So. 2d at 803 (quoting *Ray*, 403 So. 2d at 961)); *see also Graham v. State*, 100 So. 3d 755, 757 (Fla. 1st DCA 2012) ("Under controlling authority, however, because aggravated battery is lesser in degree and penalty than attempted first-degree murder, the trial court's error is not fundamental." (citing *Nesbitt*, 889 So. 2d at 803)).

The record reflects that Washington had ample opportunity to object to the lesser charge but failed to do so. In fact, the trial court specifically inquired of Washington's counsel whether he had an objection to the instruction concerning sexual battery upon a victim twelve years of age or older, and he unequivocally stated that he had no objection. Additionally, sexual battery upon a victim twelve years of age or older but under eighteen years of age is, and was at the time the offense was committed, lesser in degree and penalty than the sexual battery charged (sexual battery upon a victim less than twelve years of age). Accordingly, under *Ray* and

5

its progeny, even if the instruction were erroneous, no fundamental error has been shown.[4]

AFFIRMED, in part, REVERSED in part, and REMANDED for resentencing consistent with this opinion.

ROWE, C.J., and M.K. THOMAS and NORDBY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Candice Kaye Brower, Criminal Conflict & Civil Regional Counsel, and Melissa Joy Ford, Assistant Regional Conflict Counsel, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and David Welch, Assistant Attorney General, Tallahassee, for Appellee.

---

[4] Washington argues the trial court committed fundamental error because sexual battery of a person twelve years or older can *never* be a lesser included offense of capital sexual battery of a person under twelve years as opposed to the scenario laid out in both *Ray* and *Nesbitt*, where the lesser offenses were offenses that *could*, under certain circumstances, be lesser included offenses (i.e., permissive or necessary lesser included offenses). The Florida Supreme Court in *Ray* only required the lesser offenses be erroneous and lesser in degree and penalty. *Ray* and its progeny have made no distinction between erroneously instructed lesser offenses that could *never* be classified as permissive or necessary lesser included offenses and those that *could*.